**In re FLEETWOOD HOMES OF TEXAS, L.P. and Fleetwood Enterprises, Inc., Relators.**

No. 06–0943.

Supreme Court of Texas.

June 20, 2008.

---

Michael J. Craddock, Felicia Norvell, David Charles Routzon Jr., Craddock Reneker & Davis, L.L.P., Rachel Elizabeth Khirallah, Dallas, TX, for Relator.

Michael Allen Starzyk, April Lee Walter, Starzyk & Associates, P.C., Alan M. Bush, Woodlands, TX, for Real Party in Interest.

## PER CURIAM.

■ Parties that "conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial" waive any contractual right to arbitration. *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex.2006). The relators here did none of those, instead merely discussing a potential trial setting and sending a set of written discovery the day before moving to compel arbitration. The trial court held the relators waived arbitration, and a divided court of appeals denied mandamus relief. 2006 WL 3028222. We disagree, and thus conditionally grant it. *See In re Weekley*, 180 S.W.3d 127, 130 (Tex.2005) ("Mandamus relief is proper to enforce arbitration agreements governed by the FAA.").

Fleetwood Enterprises, Inc., manufactures mobile homes. In January 2005 it signed a dealer agreement with Gulf Regional Services, Inc., an owner and developer of mobile home parks in southeast Texas that also sells and leases mobile homes. The agreement included an arbitration clause covering "any dispute, controversy or claim among the Parties." In August 2005 Fleetwood cancelled the agreement on the ground that Gulf was planning to sell or use mobile homes at a location other than that specified in the dealer agreement.

After Gulf filed suit in October 2005, Fleetwood filed an answer demanding ar-

bitration, but did not actually move to compel arbitration until July 2006. Gulf opposed the motion on two grounds: express waiver and unconscionability.

■■■ "[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice." *Perry Homes v. Cull*, 2008 WL 1922978, at *4, 258 S.W.3d 589, 590 (Tex.2008). Waiver is a legal question for the court based on the totality of the circumstances, and asks whether a party has substantially invoked the judicial process to an opponent's detriment, the latter term meaning inherent unfairness caused by "a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *Id.* 2008 WL 1922978, at *8, at 596.

Gulf argues that Fleetwood expressly waived arbitration, pointing to several emails from Fleetwood's counsel regarding a proposed trial setting, culminating in the following:

I have reviewed the Setting Request and would ask that we try to get a setting in March.... Given the documentation I received last week and the work we need to do as a result of those documents, Fleetwood is not going to be in a position to try this case in December. If you are agreeable to this, we could sign an agreed Setting Request, otherwise, I will have to oppose the request after you submit it and request a later setting.

We need not decide whether Gulf is correct that express waiver is governed by different rules than those that govern implied waiver, as we disagree that this rises to the level of an express waiver. Nothing

in this communication expressly waives arbitration or revokes the arbitration demand Fleetwood included in every answer it filed.

■■■ Instead, the question here is whether Fleetwood *impliedly* waived arbitration by failing to pursue its arbitration demand for eight months while discussing a trial setting and allowing limited discovery. We have already answered that question "No." In *EZ Pawn Corp. v. Mancias*, we held a party had not waived arbitration by filing an answer, discussing a docket-control order, sending written discovery, noticing a deposition, and agreeing to postpone a trial setting. 934 S.W.2d 87, 90 (Tex.1996). Gulf points out correctly that the movant in *EZ Pawn* had not yet "discovered" the arbitration clause until after these actions had already taken place. *Id.* at 89. But our opinion was based on the nonmovant's failure to show any prejudice, *id.* at 90, a requirement we recently reaffirmed. *See Perry Homes*, 2008 WL 1922978, at *7, 258 S.W.3d at 595.

As in *EZ Pawn*, the evidence here is legally insufficient to support a finding of prejudice. Gulf does not explain how it possibly could have been prejudiced by exchanging emails about a trial setting. Moreover, while these communications are a factor to be considered in the totality-of-the-circumstances, they are not the only factors. *See id.* 2008 WL 1922978, at *10, at 599. Here, Fleetwood took no depositions, although it noticed one deposition before cancelling it.[1] It served one set of written discovery the day before it moved to compel arbitration. It filed no dispositive motions, nor did it wait until the eve of

---

1. Gulf deposed three Fleetwood representatives, but does not explain how it was prejudiced in being allowed to do so. *See Perry Homes*, 2008 WL 1922978, at *10, 258 S.W.3d at 599 ("[A] party who *requests* lots of discovery is not prejudiced by getting it and taking it to arbitration in the same way [as] a party who *produces* lots of discovery ....") (emphasis in original).

trial to move to compel. Taken together, these actions are not enough to overcome the presumption against waiver. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex.2006); *In re Bruce Terminix*, 988 S.W.2d 702, 704 (Tex.1998).

■ Gulf also argues the arbitration clause is substantively unconscionable, citing two reasons. First, it asserts that arbitration limits its right to discovery. But limited discovery is one of arbitration's "most distinctive features." *Perry Homes*, 2008 WL 1922978, at *9, 258 S.W.3d at 587; *see also Preston v. Ferrer*, —— U.S. ——, ——, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) ("A prime objective of an agreement to arbitrate is to achieve streamlined proceedings and expeditious results."). Gulf's argument that "streamlined" discovery makes arbitration unconscionable would nullify almost all arbitration agreements. We hold that arbitration's limits on discovery for *both* parties does not make it unconscionable. *See In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 678 (Tex.2006) ("The test for substantive unconscionability is whether, given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." (internal quotation marks omitted)).

■ Second, Gulf asserts the agreement here is unconscionable because it allows the prevailing party to recover attorney's fees. It is true that absent a contractual agreement like this, Texas law allows attorney's fees only for a prevailing plaintiff. *See* Tex. Civ. Prac. & Rem.Code § 3 8.001–.002. But allowing *both* parties to recover fees hardly makes an agreement "one-sided"; such agreements, common in commercial contexts, surely make them less so.

Because Gulf has failed to show that Fleetwood waived its contractual right to arbitration, we conditionally grant Fleetwood's petition for writ of mandamus and direct the trial court to compel arbitration. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.