Opinion issued
July 2, 2010

 

 

 



 

 

 

 

 

 








 

In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01-09-00475-CV

 



 

IN RE MULTIFUELS, L.P., Relator

 

 



Original Proceeding on Petition for Writ of Mandamus

 

 



MEMORANDUM OPINION DISSENTING 

FROM GRANT OF WRIT OF MANDAMUS

 

“Heads, I win.  Tails, you lose.”  Multifuels played this game to Arriaga’s
detriment, and this Court should not countenance it.  

When Multifuels filed suit against
Arriaga, it chose the courts of this state as the forum in which to resolve its
disputes with him.  It then used the
tools available to it through litigation—interrogatories, requests for admissions,
requests for production and deposition—to extract information from Arriaga about
his claims and defenses relative to those disputes.  But when it was Arriaga’s “turn” for
discovery from Multifuels, and Multifuels’s “turn” to respond to Arriaga’s discovery
requests, Multifuels unexpectedly and fortuitously discovered that the parties had
an existing arbitration agreement, and it refused to provide any of its information
to Arriaga.

The case is a textbook example of the
“inherent unfairness caused by ‘a party’s attempt to have it both ways by
switching between litigation and arbitration to its own advantage.’”  In re Fleetwood Homes, L.P., 257 S.W.3d
692, 694 (Tex. 2008) (defining “detriment”) (quoting Perry Homes v. Cull,
258 S.W.3d 580, 596 (Tex. 2008)). 
Forcing a party to litigate an issue and then requiring it to arbitrate
that same issue causes an “inherent unfairness in terms of delay, expense, or
damage to a party’s legal position.”  Perry Homes, 258 S.W.3d at 597
(citations omitted).  It is precisely
this type of prejudicial gamesmanship—where the party moving for arbitration
reaps the benefits of litigation and then denies them to the non-moving
party—that the Texas Supreme Court decried as a “manipula[tion . . .] of arbitral
rights . . . to gain an unfair tactical advantage” that should not be
permitted.  Id. (citation omitted).  I
believe that in such situations, the harm is intrinsic and fundamental.  Multifuels chose a judicial forum to settle
its disputes with Arriaga, it benefitted from being in that forum, and it
should now be required to resolve these disputes in that forum.  Likewise, Arriaga, who was brought into the
judicial forum by Multifuels, should be able to reap the same benefits that
Multifuels has received from that forum, and he should be permitted to resolve
these disputes in the forum in which he has already invested time and money and
compromised his legal position.  It is that
kind of fundamental fairness that the Texas Supreme Court intended to ensure
through the doctrine of waiver of arbitration rights.  Because the majority fails to ensure this
fundamental fairness for Arriaga, I dissent.

 

 

 

                                                                    Jim Sharp

                                                                    Justice

 

 Panel consists of Justices Jennings, Higley,
and Sharp.

Justice Sharp, dissenting.