In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00581-CV
_____

### IN RE GUIDEONE MUTUAL INSURANCE COMPANY

### Original Proceeding

### MEMORANDUM OPINION

GuideOne Mutual Insurance Company seeks mandamus relief from an order that denies a motion to compel appraisal. The commercial insurance policy covering the premises of First Baptist Church of Silsbee at the time of Hurricane Rita included appraisal clauses and a non-waiver provision. GuideOne invoked the appraisal clause several years after the litigation commenced and two months before a trial setting. The trial court found GuideOne waived its appraisal rights by failing to demand appraisal within a reasonable time after impasse and that its failure prejudiced the insured.

"While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). A party seeking to establish waiver must

1

show that the party compelling appraisal failed to invoke the appraisal provision within a reasonable time after an impasse was reached, and that the delay caused prejudice. *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 408, 410-11 (Tex. 2011) (orig. proceeding). "[W]hile the time period may be instructive in interpreting the parties' intentions, it alone is not the standard by which courts determine the reasonableness of a delay." *Id.* at 408. Delay is measured from the point of impasse, which requires an examination of the circumstances and the parties' conduct. *Id.* "An impasse is not the same as a disagreement about the amount of loss. Ongoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal." *Id.* Impasse occurs when the parties reach a mutual understanding that neither will negotiate further. *Id.* at 410. "We will not infer waiver where neither explicit language nor conduct indicates that such was the party's intent." *Id.* If a party is genuinely engaging in settlement negotiations, it cannot have intended to relinquish its right to appraisal unless it expressly waives that right. *See In re Certain Underwriters at Lloyds*, No. 10-11-00263-CV, 2011 WL 4837869, at *6 (Tex. App.—Waco Oct. 12, 2011, orig. proceeding) (mem. op.).

The trial court found impasse occurred no later than December 13, 2007, when GuideOne filed its answer to First Baptist's suit. However, the existence of a dispute and the development of an impasse are two different things. *See Universal Underwriters*, 345 S.W.3d at 408. GuideOne and First Baptist engaged in mediation in October 2011, which

2

indicated that they were still negotiating years after the suit commenced. The mandamus record contains no explicit rejection of appraisal by GuideOne. Significantly, the intent of the parties expressed in the contract allowed the appraisal process to occur without affecting the parties' rights to litigate. The insurance policy placed no time limit on making a written demand for an appraisal, and stated that in the event of an appraisal the insured retained its right to sue and the insurer retained its right to deny the claim. The policy also expressed the parties' intention that waiver not be implied, as the insurance policy expressly provides that the policy's terms "can be amended or waived only by endorsement issued by us and made a part of this policy." We conclude that GuideOne did not waive its right to an appraisal merely by waiting until May 2012 to invoke that provision in the policy. The issue, therefore, is whether by waiting until the litigation matured to invoke the appraisal clause GuideOne prejudiced First Baptist's enforcement of its rights under the policy.

GuideOne invoked the appraisal process in May 2012. At that time, the parties had a July 2012 trial setting. At the hearing conducted in June 2012, counsel represented that the appraisal could be completed within sixty days. In September 2012, the trial court granted GuideOne's motion to compel appraisal and abated the case. However, in October 2012, the trial court granted First Baptist's motion to reconsider and denied GuideOne's motion to compel appraisal. A trial court generally has broad discretion in managing its docket. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 654 (Tex. 2007)

3

(orig. proceeding). However, the mandamus record contains no docket control order or other indication of a new trial setting at the time the trial court ruled. Because the trial setting had already passed and thus, there was no active trial setting to disturb, we may not infer that the trial court denied the motion to compel to preserve any pending trial setting or other docket control setting.

First Baptist relies on arbitration cases to establish prejudice, but a crucial distinction between arbitration and appraisal relates directly to First Baptist's prejudice argument: arbitration provides an alternative forum for dispute resolution while appraisal concerns the method of determining damages. *See In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (orig. proceeding); s*ee also Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008). By substantially invoking the litigation process, a party can be deemed to have chosen to forego its rights to have the dispute resolved in an alternate forum; but, under the policy being enforced in this case, First Baptist's right to sue is unaffected by GuideOne's demand for an appraisal. *See Fleetwood Homes*, 257 S.W.3d at 694. The parties contractually agreed that either party could demand to have the amount of the loss be determined by appraisers rather than by a jury.

First Baptist contends it has been prejudiced because it incurred litigation expenses due to GuideOne's delay before invoking the appraisal process. Over a period of several years, the parties engaged in the discovery process, answering written discovery, taking depositions, and disclosing experts. The expenses First Baptist incurred

4

developing its case included approximately $10,000 in expert fees for accounting services and over $100,000 in attorney fees. Nevertheless, the mandamus record does not establish that these expenses would not have been incurred if GuideOne had moved for appraisal earlier. Regardless of any appraisal, First Baptist needed an accountant and an attorney to pursue its claims and to establish the amount of its damages. Because First Baptist did not identify specific expenses that would not have been incurred had the appraisal process occurred earlier, its evidence on the total fees and expenses it incurred does not support the trial court's finding of prejudice.

Appraisal does not divest the trial court of jurisdiction, but it does provide an alternate method of determining the amount of the property loss under the policy. First Baptist contends that by demanding an appraisal, GuideOne is attempting to start the entire claims handling process over, even for those claims that have been paid but allegedly involve violations of the prompt pay statute. *See* Tex. Ins. Code Ann. § 542.058 (West Supp. 2012). In its submissions to the trial court, GuideOne suggested to the trial court that the appraisal would effectively determine First Baptist's claims for delayed payment. We agree the appraisal is germane to GuideOne's defense. Because the appraisal is related to GuideOne's defense, the trial court abused its discretion in denying its motion to compel. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding) (granting mandamus relief where denial of an appraisal would vitiate the insurer's breach of contract defense). The effect of the appraisal process on

5

First Baptist's claims is a matter yet to be determined by the trial court. *See generally Security Nat'l Ins. Co. v. Waloon Inv., Inc.*, No. 14-11-00130-CV, 2012 WL 4788114, at * 3 (Tex. App.—Houston [14th Dist.] Oct. 9, 2012, no pet.) (holding an appraisal award does not, by itself, entitle either the insured or the insurer to judgment in its favor as to the insured's claim against the insurer for breach of contract).  A flawed appraisal award may be disregarded, but denying an appraisal altogether deprives GuideOne of a contractual right that cannot be remedied by appeal.  *See Johnson*, 290 S.W.3d at 895; *Allstate*, 85 S.W.3d at 196.  The amount of the loss is determined through the process in the appraisal clause, but liability for the loss is determined by the courts.  *Johnson*, 290 S.W.3d at 889.

Absent an adequate showing of prejudice, the trial court abused its discretion by denying GuideOne's motion to compel an appraisal. *See Universal Underwriters*, 345 S.W.3d at 411-12.  The timing of the appraisal and the effect of the appraisal on the parties' claims and defenses are not appropriate matters for mandamus review, and we express no opinion concerning GuideOne's motion for abatement.  *See Allstate*, 85 S.W.3d at 196.

We conditionally grant the petition for a writ of mandamus. We are confident that the trial court will vacate its order denying GuideOne's motion to compel, and that it will enforce the appraisal provision of the policy. The writ of mandamus will issue only if the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.


PER CURIAM


Submitted on December 17, 2012
Opinion Delivered January 24, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.