ACCEPTED
13-14-00641-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/23/2015 5:14:13 PM
DORIAN RAMIREZ
CLERK

<u>**NO. 13-14-00641-CV**</u>

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

4/23/2015 5:14:13 PM

DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS
# FOR THE 13th DISTRICT OF TEXAS

_____

## AOF SERVICES, LLC

*Appellant*

## v.

## RONALD SANTORSOLA

*Appellee*

---

## ON APPEAL FROM AN INTERLOCUTORY ORDER OF THE
## 2nd 25th DISTRICT COURT OF GONZALES COUNTY, TEXAS
## TRIAL COURT NO. 25,609-CV

---

## REPLY BRIEF FOR THE APPELLANT
## AOF SERVICES, LLC

---

Paul C. Allred
Texas Bar No. 01102000
8150 N. Central Expressway, Suite 700
Dallas, TX  75206
Tel (214) 448-9496
Fax (214) 276-1325
paulallred@msn.com

Attorney for Appellant

# TABLE OF CONTENTS

**CERTIFICATE OF COMPLIANCE** ........................................................... ii

**TABLE OF AUTHORITIES** ...................................................................... iii

**SUMMARY OF THE ARGUMENT** ......................................................... 5

**ARGUMENT AND AUTHORITIES** .......................................................... 6

**CONCLUSION/PRAYER**........................................................................ 12

**CERTIFICATE OF SERVICE** ................................................................. 13

**APPENDIX**………………………………………..…………………….…………14

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 1,910 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

_____
Paul C. Allred

# TABLE OF AUTHORITIES

*CASES*                                                              *page*

*Royston, Rayzor, Vickery & Williams, L.L.P. v. Lopez*..………….…… 6, 7
2013 Tex. App. LEXIS 7843 at *23
(Tex. App. – Corpus Christi, June 27, 2013)

*In re Poly-America, L.P.* .……………………………………………… 7
262 S.W.3d 337, 355-56 (Tex. 2008) (orig. proceeding)

*In re Fleetwood Homes of Texas, L.P*……………………………….... 7
257 S.W.3d 692, 695 (Tex. 2008) (per curium)

## SUMMARY OF APPELLANT's REPLY ARGUMENT

The Appellee's arguments that the arbitration agreement is unconscionable because it is one sided, because it unfairly limits discovery, and because it unfairly splits fees, are all unsupported.

The arbitration agreement is bilateral between the parties.

The arbitration agreement does not unfairly limit discovery.

And the arbitration agreement does not unfairly split fees.

Accordingly, the evidence submitted by Appellee does not support the trial court's finding that the arbitration agreement was unconscionable on any of these grounds. Therefore, the trial court erred in denying AOF's Plea in Abatement and Motion to Compel Arbitration.

AOF respectively requests this Court to reverse the trial court's order denying AOF's Plea in Abatement and Motion To Compel Arbitration, and render judgment in favor of Appellant compelling arbitration and abating pending suit pending resolution of the arbitration proceeding.

## APPELLANT's REPLY ARGUMENT AND AUTHORITIES

**A.    The arbitration agreement is a bilateral agreement to arbitrate that applies equally to AOF and Appellee**

Appellee argues that only his claims are subject to arbitration, while AOF's claims are excluded.   This is contrary to the unambiguous language of the arbitration agreement.

The arbitration agreement provides that:

> **"any claim, controversy, or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration."**   (Apx: Exhibit A at p4)

This agreement applies equally to employer and employee.

The agreement has certain exceptions, but these exceptions again apply equally to employer and employee, and are primarily for claims subject to administrative procedures.

The case Appellee relies on is wholly distinguishable and illustrates how an agreement that a court found *is* one-sided is different from the AOF arbitration agreement.   In *Royston, Rayzor, Vickery & Williams, L.L.P. v. Lopez*, 2013 Tex. App. LEXIS 7843 at *23 (Tex. App. – Corpus Christi, June 27, 2013), an attorney engagement agreement provided that disputes about services provided under the

agreement would be subject to arbitration but a dispute over payment of services would not. *Id.* at *2. That is two sides of the same coin, and it is thus not surprising that, particularly in an attorney/client agreement where a fiduciary duty is owed to the client, the court found this to be unfairly one-sided.

The opposite is true here. The arbitration agreement does not provide that one type of claim is arbitrable for the employee but not for the employer. Thus, Appellee failed to meet his burden of proving that the arbitration agreement is substantively unconscionable.

B. **The arbitration agreement does not unfairly limit discovery**

The arbitration agreement's limitation on discovery is appropriate and fully enforceable.

The Texas Supreme Court held that "limited discovery is one of arbitration's 'most distinctive features.'" *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 695 (Tex. 2008) (per curium). The Court further noted that the argument that "'streamlined' discovery makes arbitration unconscionable would nullify almost all arbitration agreements. We hold that arbitration's limits on discovery for both parties does not make it unconscionable." *Id.*

Likewise, the Supreme Court in *Poly-America* held that discovery limits of

25 interrogatories and 25 requests for production in the arbitration agreement at issue in that case were not substantively unconscionable.

Appellee's so-called evidence in support of his response to the motion to compel in which Appellee's counsel states that in these types of cases he sends "approximately 85 requests for production" and "21 interrogatories with permitted subparts" (see Apx: Exhibit B p1) is no evidence at all.

Appellee fails to identify and provide specific evidence as to why the Appellee cannot reasonably meet his proof burden based upon the discovery that is provided for in the arbitration agreement.

Appellee fails to provide specific evidence of what information Appellee reasonably must obtain from AOF in the additional 60 requests for production and the additional 7 Interrogatories that Appellee's attorney allegedly normally serves in this type of case, and why that information is not otherwise reasonably obtainable through deposition testimony, or any other discovery that the parties could agree to.

Furthermore, Appellee fails to provide any evidence that Appellee cannot reasonably obtain the information he needs to meet his burden of proof under the discovery limitations in the arbitration agreement.

C.    **The fee-splitting agreement in the arbitration agreement is fair and reasonable**

Appellee's argument that the arbitration agreement is substantively unconscionable because it requires the Appellee to pay "astronomical" arbitration costs is unsupported by the Espinoza affidavit.

The Espinoza affidavit states that the arbitration of the *Christine Torres v. Stagg Restaurants* case to which the attached aribtors' invoice is attached was for an arbitration that lasted only one day, stating in relevant part:

> **"…The arbitration took place in San Antonio, TX in the spring of 2013 and lasted only one day."**   (Apx: Exhibit B at p1)

This statement directly conflicts with the arbitrator's invoice which identifies anticipated arbitrator's fees and costs for underline three days of arbitration (identified on the invoice as the days of 01/22/2013, 01/22/2013, and 01/23/2013), stating in relevant part:

> **"..Your Share of the Neutral Compensation Deposit covering 3 days of Hearing…..7,500**" (Apx: Exhibit B at p2)

Additionally, the Invoice/Statement reflects anticipated arbitrator's charges of $7,500 for 24 hours of Study.

The Invoice/Statement attached to the Espinoza affidavit is only a cost

estimate, or a request for a deposit for a three day arbitration and a deposit for 24 hours' worth of "Study" by the arbitrator.

The Invoice/Statement on its face is not a representation of the <u>actual</u> costs incurred in the arbitration of the *Christine Torres v Stagg Restaurants* case.

The Espinoza affidavit states that the "**Total cost for the entire arbitration, from start to finish, was $20,225.**" This large figure is not represented on the attached Invoice/Statement anywhere, and based upon the Invoice/Statement it cannot be accurate or valid for the actual charges incurred for a <u>one day</u> arbitration, which could only reasonably be guessed at being a third of the $17,250 figure of the Invoice/Statement.

There is no evidence that 24 hours of "Study" for the arbiter would be applicable to the arbitration of Appellee's claim against AOF.

Not only does the Espinoza affidavit completely misrepresent the arbitrator's actual charges for a 1 day arbitration based on the attached Invoice/Statement, more critically it fails to ever state: a) that the arbitration of Appellee's claims against AOF in this dispute will require 3 days arbitration and 24 hours of "Study" by the arbitrator so that an arbitrator's fee in excess of $20,000 is reasonably anticipated; and b) that the Appellee will likely actually incur arbitration costs exceeding $5,000.

The Espinoza affidavit states that Appellee's case against AOF is very similar to the *Christine Torres v Stagg Restaurants* case, which at best implies that it would require a 1 day arbitration, since it identifies the cases as being similar, and not a 3 day arbitration.

Based on the Invoice/Statement, the arbitrator's fees for a 1 day arbitration in the *Christine Torres v Stagg Restaurants* case could not possibly be the $20,225 asserted in the affidavit. The Invoice/Statement does not state what the arbitrator's fees actually were for a 1 day arbitration in the *Christine Torres v Stagg Restaurants* case.

What the Espinoza affidavit specifically states regarding the anticipated arbitrator's fees is as follows:

> **"If Mr. Santorsola is required to arbitrate his case through a similar arbitration association, the cost for the arbitration and litigation process will reasonably exceed $5,000, if he is require to pay approximately twenty percent of the costs"**.
> (Apx: Exhibit B at p1)

Espinoza's statement in the affidavit alleges that the entire cost of the arbitration and litigation process will reasonably exceed $5,000, but fails to specifically allege what Mr. Santorsola's portion of those costs would be.

The affidavit fails to specifically state what Mr. Santorsola's anticipated portion of the anticipated arbitrator's fees would be.

In additional support for its argument, Appellee also submits the affidavit of

Ronald Santorsola (Apx: Exhibit C), which states in relevant part:

> **"…If it is determined that I must bring my lawsuit against my employer in arbitration, and risk having to pay over $5,000 in arbitrator fees, I will probably not continue with my claim. This risk is too great for me and I do not have that type of money…"** (Apx: Exhibit C at p1)

Santorsola's affidavit does not state that he reasonably anticipates incurring $5,000

in arbitrator's fees in the arbitration of his claim against AOF.

Neither the Espinoza nor the Santorsola affidavits state what the actual

anticipated arbitrator's costs Santorsola reasonably anticipates incurring would be

for the arbitration of his claim against AOF.

The record fails to offer any evidence of what the actual anticipated

arbitrator's costs Santorsola reasonably anticipates incurring would be.

## CONCLUSION/PRAYER

For the reasons stated herein, AOF requests this Court to find that the trial court erred by finding that 1) the arbitration agreement is unconscionable, and 2) that the arbitration agreement is unenforceable. AOF requests this Court to find that the trial court erred by denying the Plea in Abatement and Motion to Compel Arbitration.

Accordingly, AOF respectfully requests that the order denying the Plea in Abatement and Motion to Compel Arbitration be reversed. In the alternative, AOF prays that this Court remand this cause to the trial court for further proceedings consistent with its opinion on the issues presented herein. AOF further requests that this Court award it its costs of court on appeal.

AOF further prays for such other and further relief, both general and special, at law or in equity, to which it is justly entitled, and for which it will ever pray.

Respectfully Submitted,

*LAW OFFICES OF PAUL C. ALLRED*

Paul C. Allred
State Bar Number: 001102000

Campbell Centre II
8150 North Central Expressway, Suite 700
Dallas, Texas 75206
Telephone Number (214) 449-9496
Facsimile Number  (214) 276-1325

**ATTORNEY FOR APPELLANT**


**CERTIFICATE OF SERVICE**

The undersigned attorney at law, does hereby certify that a true and correct copy of the foregoing attached instrument has been served upon the Appellee, Ronald Santorsola by and through his respective attorney of record on this the 23rd day of April, 2015.

Paul C. Allred

# **APPENDIX**

Exhibit A:   Affidavit for Admission of Business Records

Exhibit B:   Affidavit of Javier Espinoza

Exhibit C:   Affidavit of Ronald Santorsola

# EXHIBIT A

## NO. <u>25,609</u>

| | | |
|---|---|---|
| RONALD SANTORSOLA<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 25TH JUDICIAL DISTRICT |
| | § | |
| AOF SERVICES, LLC | § | |
| Defendant. | § | OF GONZALES COUNTY, TEXAS |

## <u>AFFIDAVIT FOR ADMISSION OF BUSINESS RECORDS</u>

**BEFORE ME**, the undersigned authority, on this day personally appeared Amit Sharma, who, being by me duly sworn, deposed as follows:

"My name is Amit Sharma, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

"I am the custodian of the records of AOF Services, LLC. Attached hereto are 5 pages of records from AOF Services, LLC. This said 5 pages are kept by AOF Services, LLC in the regular course of business, and it was the regular course of business of AOF Services, LLC for an employee or representative of AOF Services, LLC, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The record attached hereto is either the original or the exact duplicate of the original."

SIGNED on March 28th, 2014.

_____
Amit Sharma, Affiant

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned official, on this the 28th day of March, 2014.

CHRISTOPHER P COPELAND
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05/04/14

_____
Notary Public, State of Texas

# EXHIBIT A



**AOF Services**

5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093• Tel 970-682-6110 • Fax 720-446-1270

## OFFER OF EMPLOYMENT

Dear ___Ron Santasola___

It is our pleasure to extend an offer of employment to work at AOF Services. We have a strong "Commitment to Excellence" at AOF Services. We feel that your unique talents and abilities will contribute to reaching our goals. It is our Company's mission to create a workplace where you feel respected and empowered, where you can grow and be your best. It is our goal to challenge', empower, excite and reward you so that AOF Services will continue to be a leader in its field and, a great place to work. With that Mission in mind, we want to offer you the following:

Job Title: ___Super Sucker___     Manager: _____

Employment Start Date: ___6-13-13___

**Classification (select one)**

_____ Exempt - paid on a salary basis; no overtime pay

__X__ Non- Exempt - paid on an hourly basis; eligible for overtime pay after 40 hours worked in a week (Monday through Sunday)

**Type of Position (select one)**

__X__ Full-Time (40 hours per week)

_____ Part-Time (less than 30 hours per week)

_____ Intern/Temporary (limited duration of employment)

**Compensation:**

Annualized salary paid on every other Friday.

(26 pay periods) _____

OR

Hourly Rate paid every other Friday. ___12.00___

**Other compensation:**

One time bonus $_____

Auto Allowance $_____ PER MONTH  (paid on 2nd. Friday of month)

Phone Allowance $_____ PER MONTH  (paid on 2nd Friday of month)



## THIS IS NOT A CONTRACT OF EMPLOYMENT

The Company strives to provide secure employment and rewarding careers for those who meet our standards of performance and conduct. Nevertheless, we cannot guarantee that you will be employed for any specific length of time. Your employment is at-will and can be terminated at any time at the option of you or the Company. Only the CEO OR the Board Chairman has the authority to authorize exceptions to this policy. Nothing contained in this employment offer should be interpreted as constituting a contract of employment with AOF Services LLC.

## PLEASE SIGN BELOW TO ACKNOWLEDGE THE FOLLOWING:

**Dispute Resolution Policy:** By accepting employment with AOF Services LLC, I agree that any claim, controversy or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration, in lieu of jury trial or any other legal proceeding, pursuant to the Federal Arbitration Act (Title 9, United States Code), and in accordance with the provisions of the AOF Services LLC Dispute Resolution Policy ("DRP"), which I have received and been given an opportunity to read. The arbitration will be conducted by a single arbitrator, who will be selected in accordance with the applicable rules of the American Arbitration Association ("AAA"), and in accordance with the procedures outlined in the DRP. The arbitration will be administered by the AAA regional office closest to my workplace. In the event that the AAA does not accept administration of the claim, or is unavailable, the arbitration proceeding will be administered by another nationally recognized arbitration services provider designated by AOF Services LLC.

**At Will Employment:** I understand my employment can be modified or terminated with or without cause, and with or without notice, at any time, at either my option or the option of the Company. I understand that no Manager or Representative of the Company has any authority to enter into any agreement of employment for any specified period of time. Should my employment terminate for any reason, I will be paid prorata base salary for days worked through my final day and bonuses earned, if any, through my last full month worked.

Your signature below indicates that you understand and are willing to accept employment on the terms and conditions identified above. You also acknowledge that this letter contains all the material terms and conditions of employment that you will use to make your decision and that you have not relied on any other agreements, assurances, representations, or promises as the basis for your decision to accept the job as offered.

Employee's Signature

Date 6-13-13

Manager's Signature

Date

Executive Approval

Date


## DISPUTE RESOLUTION POLICY

The AOF Services LLC, Dispute Resolution Policy is designed to maintain a healthy work environment, encourage communication between Team Members, and resolve problems in an efficient manner. AOF Services LLC knows that even productive team members can have problems at work, and these problems can grow larger when they are not resolved. In the event of a dispute that cannot be resolved internally (through the Open Door Policy), the American Arbitration Association (AAA) provides mediation and arbitration services to help resolve the dispute.

### THE OPEN DOOR POLICY

The Open Door Policy encourages you to talk to your immediate supervisor, a higher level of management, or the People Services Department, about your concerns.

**Immediate Supervisor/Manager** — The first place to address work-related problems is your immediate supervisor.

**Higher Level of Supervision** — If your immediate supervisor cannot resolve the problem or you think the problem needs to be addressed on a different level, then you should contact the next level of management. You should then follow the chain of command in your department or project.

**People Services Department (Human Resources)** — If going through the chain of command does not resolve the problem or you think the problem needs the attention of someone outside the chain of command, then you can contact the HST People Services Department for advice or assistance.

### MEDIATION AND ARBITRATION

Mediation is an informal conference moderated by a trained, neutral third person (Mediator), who will suggest ways of resolving the dispute. The Mediator's opinions and suggestions are non-binding (i.e., the mediator may not impose an agreement on the parties); however, the goal of mediation is the negotiation of a mutually acceptable resolution.

Arbitration is the submission of a dispute to a neutral third person (Arbitrator), who will hear facts & evidence presented by both parties, and then make a legally binding decision (subject to appeal on the grounds set forth in this Dispute Resolution Policy).

ANY CLAIM, CONTROVERSY OR OTHER DISPUTE RELATING TO YOUR EMPLOYMENT, SEPARATION FROM THE COMPANY, OR FOLLOWING SEPARATION FROM THE COMPANY, SHALL BE RESOLVED BY ARBITRATION, IN LIEU OF JURY TRIAL OR ANY OTHER LEGAL PROCEEDING, PURSUANT TO THE FEDERAL ARBITRATION ACT (TITLE 9, UNITED STATES CODE), AND IN ACCORDANCE WITH THIS DISPUTE RESOLUTION POLICY. THE ARBITRATION WILL BE CONDUCTED BY A SINGLE ARBITRATOR WHO WILL BE SELECTED IN ACCORDANCE WITH THE APPLICABLE RULES OF THE AAA. THE ARBITRATION WILL BE ADMINISTERED BY THE AAA REGIONAL OFFICE CLOSEST TO YOUR WORKPLACE. IN THE EVENT THAT THE AAA DOES NOT ACCEPT ADMINISTRATION OF THE CLAIM, OR IS UNAVAILABLE, THE ARBITRATION PROCEEDING WILL BE ADMINISTERED BY ANOTHER NATIONALLY RECOGNIZED ARBITRATION SERVICES PROVIDER DESIGNATED BY DAVID WEEKLEY HOMES.

**Exclusions from Arbitration** - The following claims are excluded from the requirements of mandatory arbitration: 1) workers compensation claims administered by a state agency in accordance with procedures provided by state law (claims alleging workers compensation retaliation will be arbitrated pursuant to this Policy); 2) administrative procedures required by state or federal law for the



5960 W. Parker Rd, Suite 278-336 • Plano, TX 75093• Tel 970-682-6110 • Fax 720-446-1270

determination of unemployment compensation claims; (3) Employment benefit claims for which administrative procedures are provided by the company's ERISA plan; 4) claims by the company for injunctive relief to protect company personnel or property rights, or to enjoin the breach of an legal or contractual duty owed by a current or former Team Member to the company; and 5) claims not arbitrable under applicable law. Claims related to the subject matter of exclusions 1 through 3, that are not subject to administrative remedies, will remain subject to arbitration (e.g., a claim following exhaustion of administrative remedies, or a claim for which there is no administrative remedy).

**Initiation of Arbitration** - To initiate arbitration, the initiating party must give the other party written notice of a demand for arbitration prior to expiration of the statute of limitation applicable to the claim, and must also contact AAA (1-800-203-0016 or www.adr.org). An initiating Team Member will pay the first $100 in filing fees to the AAA and the Company will pay the portion of filing fees that exceed $100. plus any other administrative fees or costs (other than the arbitrator's compensation). The arbitrator's compensation will be paid 20% by the Team Member and 80% by the Company.

**Initiation of Mediation** — If arbitration has been demanded, either party may require that the dispute first be submitted to mediation. However, if arbitration has not yet been demanded, either party may give written notice to the other that a dispute exists, and contact the AAA to request submission to mediation. The Company will pay any filing fees and administrative costs for mediation (other than the mediator's compensation). The mediator's compensation will be split equally between the parties. Any dispute remaining unresolved after mediation will remain subject to the arbitration requirements of this Dispute Resolution Policy, including any claims arising in connection with the performance or breach of an agreement reached in mediation.

**Arbitration Procedures** — The following procedures will be followed in arbitration:

Pleadings - The Demand for Arbitration must be include or be accompanied by a reasonably detailed statement of the factual basis of the claim and legal theories of recovery.

Dispositive Motions - The Arbitrator will entertain and rule on dispositive motions (e.g., summary judgment motions), that would dispose of all or some of the case based on questions of law.

Scheduling Order - At a preliminary case management hearing (teleconference), the Arbitrator will establish deadlines (in consultation with the parties or their counsel if an agreement can be reached, or unilaterally if an agreement cannot be reached) for each party to: amend their claims, file dispositive motions and obtain rulings thereon, designate fact and expert witnesses, complete discovery, identify and exchange documents and exhibits for the hearing, submit pre hearing briefs, and any other deadlines deemed appropriate by the Arbitrator. Discovery - The arbitrator will permit and set deadlines for the completion of the following discovery: up to 15 Interrogatories per party, including subparts; up to 25 Requests for Production per party, including subparts; depositions of the parties to the proceeding and any technical experts designated to testify; third party document subpoenas as appropriate; any other discovery to which the parties agree.

Award - The arbitrator's award will be issued within 30 days after conclusion of the hearing and include reasons for the decision. The arbitrator may award attorney's fees and costs of arbitration to a prevailing party. A party that recovers no more than was previously offered in a written offer of settlement shall not be entitled to recovery of attorney's fees incurred after the date the offer of settlement was made, unless otherwise required by law. The arbitration award will also be subject to any offer of settlement or offer of judgment statutes or rules applicable to a proceeding under state or federal law. The arbitration will be governed by the following rules and procedures, in order of priority:



1) the procedures set forth in this Dispute Resolution Policy; 2) applicable AAA Rules; and 3) the Federal Arbitration Act.

Review and Appeal of Award - The arbitrator's award may be confirmed, entered and enforced as a judgment in a court having jurisdiction, subject to appeal only on the following grounds: 1) the arbitrator's mistake in resolving a question of law; 2) no evidence to support the award or some element of the award; or 3) vacation, modification or correction of the award in accordance with either Sections 10 or 11 of the Federal Arbitration Act. An appeal shall be first to an appellate arbitrator, if provided for in the applicable AAA Rules, and then to a federal district court having jurisdiction and venue where the arbitration was conducted. An appeal shall be governed by the same standard of review, rules and procedures applicable to an appeal of a judgment from a federal district court, sitting without a jury, to a federal circuit court of appeals. The federal district court shall be the court of last resort except on questions of law, in which case the U.S. Supreme Court will be the court of last resort.

The Dispute Resolution Policy establishes a procedure for resolving your workplace disputes, but does not establish any other terms of your employment, or modify your employment-at-will status, or create a contract of employment, express or implied, for any period of time. If after reading the Dispute Resolution Policy you have questions or would like more information about how the program works, please contact the HST People Services Department.

By signing below, I confirm that I fully understand the AOF Services LLC's dispute resolution policy and agree to comply with it with no exceptions.

**Employee's Signature**

**Date**

# EXHIBIT B

# AFFIDAVIT

STATE OF TEXAS                    §
                                  §
COUNTY OF BEXAR                   §

BEFORE ME, the undersigned authority, on this day personally appeared JAVIER ESPINOZA, who is personally known to me and being first duly sworn according to law upon this oath deposed and said:

"My name is JAVIER ESPINOZA. I am over the age of twenty-one and am fully competent in all respects to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the attorney for Plaintiff Ronald Santorsola. I recently arbitrated a non-subscriber case with the American Arbitration Association (AAA) where there was one arbitrator assigned named Tom Mitchell. The style of the case was *Christine Torres v. Stagg Restaurants, LLC*, Cause No. 70-160-00850-11 before the American Arbitration Association. In that case my client slipped and fell, injuring her wrist and ankle. The amount of damages claimed and the difficulty of that case is very similar to Mr. Santorsola's claim against AOF SERVICES. The arbitration took place in San Antonio, TX in the spring of 2013 and lasted only one day. The total cost for the entire arbitration, from start to finish, was $20,225.00. Attached to this affidavit is the AAA invoice for Cause No. 70-160-00850-11 which was sent as a courtesy to me and was the invoice for the previously mentioned arbitration I participated in which the employer paid.   ___

If Mr. Santorsola is required to arbitrate his case through a similar arbitration association, the cost for the arbitration and litigation process will reasonably exceed $5,000.00, if he is required to pay approximately twenty percent of the costs. The cost potentially incurred by Mr. Santorsola in arbitration compared to those that would be incurred if Plaintiff continued with his claims in the judicial forum are astronomically higher. Plaintiff's out-of-pocket expenses in state court are minimal, at most they include a filing fee under $300.00 and all hearings in court and trial are free to the parties. Conversely, in arbitration, ever time there is a hearing on status and scheduling conferences or discovery disputes and pre-trial matters, the arbitrator's time is charged to the party responsible for payment according to the agreement. According to the terms of the arbitration agreement, Mr. Santorsola would be responsible for part of these costs. I do not believe that Mr. Santorsola has the financial resources to risk going forward with his claims if it were determined that Mr. Santorsola must file his claim through arbitration rather than the state court and that the provision of the purported arbitration agreement in this case is a strong deterrent to potential claimants.

Furthermore, the discovery limitations included in the arbitration agreement are severe and would impede my client's ability to litigate his claims. In workers' compensation retaliation cases, I send a copy of approximately 85 requests for production. The arbitration agreement in this case would preclude me from doing so. Furthermore, the limitation on the number of interrogatories would be problematic. I usually send a copy of approximately 21 Interrogatories, which have permitted subparts. This provision of the purported arbitration agreement in this case is also a strong deterrent to potential claims because it limits the potential plaintiff's ability to investigate and meet his required burden of proof.

Further affiant says naught."

_____
JAVIER ESPINOZA

SWORN TO AND SUBSCRIBED BEFORE ME on this the 6th day of May, 2014.

_____
NOTARY PUBLIC in and for the
State of Texas

My commission expires:



SONIA RODRIGUEZ
My Commission Expires
July 31, 2016

1

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

| STMT DATE | AMOUNT DUE |
|---|---|
| 12/21/2012 | 17250.00 |

| CASE# |
|---|
| 70-160-00850-11 02 LRB-R |

# *INVOICE/STATEMENT*

**Payment Due Upon Receipt**

Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

---

**Please Detach and Return with Payment to the Above Address**     **Please Indicate Case No. on check**

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

**NAME**   Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 12/21/2012 | 70-160-00850-11 02 LRB-R | 0.00 | 2975.00- | 20225.00 | 17250.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 01/04/2012 | 10268375 | Initial Administrative Fee | 975.00 | | |
| 01/05/2012 | 26193 | Payment recvd from : Reall., Chk# 000026193 | | 975.00 - | |
| 02/10/2012 | 10285872 | Your Share of the Neutral Compensation Deposit covering 8 hours of Preliminary Matters | 2000.00 | | |
| 03/09/2012 | 10009 | Payment recvd from : Stagg Restaurants | | 2000.00 - | |
| 03/05/2012 | 10295387 | Administrative Fee for Hearing -DATE: 01/21/2013 | 300.00 | | |
| | | | | | 300.00 |
| 03/05/2012 | 10295388 | Administrative Fee for Hearing -DATE: 01/22/2013 | 300.00 | | |
| | | | | | 300.00 |
| 03/05/2012 | 10295389 | Administrative Fee for Hearing -DATE: 01/23/2013 | 300.00 | | |
| | | | | | 300.00 |
| 10/11/2012 | 10387782 | Your Share of the Neutral Compensation Deposit covering 3 hours of Preliminary Matters | 750.00 | | |
| | | | | | 750.00 |
| 10/31/2012 | 10395224 | Your Share of the Neutral Compensation Deposit covering 3 days of Hearing | 7500.00 | | |
| | | | | | 7500.00 |
| 10/31/2012 | 10395225 | Your Share of the Neutral Compensation Deposit covering 24 hours of Study | 7500.00 | | |
| | | | | | 7500.00 |

**Remarks:** For any inquiry please call: 800-804-9308
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 17250.00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | | NET BILLED | NET PAID | NET DUE | |
|---|---|---|---|---|---|
| | INITIAL/COUNTER-CLAIM FEES | 975.00 | 975.00 | 0.00 | |
| | HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 900.00 | 0.00 | 900.00 | |
| | REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 | |
| | NEUTRAL COMPENSATION/EXPENSES | 18350.00 | 2000.00 | 16350.00 | EIN: 13-0429745 |

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

| STMT DATE | AMOUNT DUE |
|---|---|
| 12/21/2012 | 17250.00 |
| **CASE#** | |
| 70-160-00850-11 02 LRB-R | |

## INVOICE/STATEMENT

Payment Due Upon Receipt

Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

**Please Detach and Return with Payment to the Above Address**   **Please Indicate Case No. on check**

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

13455 Noel Road - Suite 1750
Dallas, TX 75240

**NAME**   Grant E. Adami III
Adami Shuffield Scheihing and Burns
9311 San Pedro
Suite 900
San Antonio TX 78216

Representing Stagg Restaurants, LLC
Re: Christine Torres

| STMT DATE | CASE# | PREVIOUS BALANCE | CURRENT CREDITS | NEW CHARGES | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 12/21/2012 | 70-160-00850-11 02 LRB-R | 0.00 | 2975.00- | 20225.00 | 17250.00 |

| DATE | REF# | DESCRIPTION | AMOUNT | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 10/31/2012 | 10395226 | Your share of the arbitrator expense deposit | 600.00 | | |
| | | | | | 600.00 |

**Remarks:** For any inquiry please call: 800-804-9308
This is a full statement showing all financial activity on this case.

| TOTAL BALANCE DUE | 17250.00 |
|---|---|

Please Indicate Case No. on check

| INVOICE SUMMARY: | | NET BILLED | NET PAID | NET DUE |
|---|---|---|---|---|
| | INITIAL/COUNTER-CLAIM FEES | 975.00 | 975.00 | 0.00 |
| | HEARING/POSTPONEMENT/ROOM/PROCESSING FEES | 900.00 | 0.00 | 900.00 |
| | REALLOCATION AT CASE END FEES | 0.00 | 0.00 | 0.00 |
| | NEUTRAL COMPENSATION/EXPENSES | 18350.00 | 2000.00 | 16350.00   EIN: 13-0429745 |

# EXHIBIT C

<u>**AFFIDAVIT**</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared RONALD SANTORSOLA, who is personally known to me and being first duly sworn according to law upon this oath deposed and said:

"My name is RONALD SANTORSOLA. I am over the age of twenty-one and am fully competent in all respects to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the plaintiff in this case. I worked for AOF SERVICES. On September 25, 2013, I was terminated from my job after filing a workers' compensation claim. I worked as a laborer for AOF earning $12.00 per hour, which is approximately $24,960.00 per year. As a result of this termination, I am on an extremely tight budget, as it has been difficult for me to find work after I was fired from AOF SERVICES. If it is determined that I must bring my lawsuit against my employer in arbitration, and risk having to pay over $5,000.00 in arbitrator fees, I will probably not continue with my claim. This risk is too great for me and I do not have that type of money. I wish to sue my employer in state court for my injuries because I cannot afford the cost of incurring such a substantial debt to arbitrate my claims in order to recover for my wrongful termination.

Further affiant says naught."

RONALD SANTORSOLA

SWORN TO AND SUBSCRIBED BEFORE ME on this the 6th day of May, 2014.

My commission expires:

NOTARY PUBLIC in and for the
State of Texas

SONIA RODRIGUEZ
My Commission Expires
July 31, 2016