ACCEPTED
04-17-00384-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/14/2017 3:07 PM

NO.04-17-00384-CV

## IN THE FOURTH COURT OF APPEALS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/14/2017 3:07:48 PM
KEITH E. HOTTLE
CLERK

## IN RE ADAN VOLPE PROPERTIES, LTD., MARICELA VOLPE, GENERAL PARTNER
**Relators**

*ORIGINAL PROCEEDING FROM THE 341ST DISTRICT COURT OF*
*WEBB COUNTY, TEXAS*
*CAUSE NO. 2013-CVF-000127-D3*

## RELATORS' MOTION FOR REHEARING EN BANC AND REQUEST FOR EMERGENCY STAY

Law Office of Juan A. Gonzalez
State Bar Number 08129310
1502 Meadow Wood
Weslaco, Texas 78596
Phone: (956) 550-1345
Fax: (956) 550-1348
Cell: (956) 494-7292
Email:juangonzalez387@msn.com
Attorney for Relators

EMERGENCY RELIEF REQUESTED
ORAL ARGUMENT NOT REQUESTED

1

TO THE HONORABLE FOURTH COURT OF APPEALS:

Pursuant to Texas Rules of Appellate Procedure 52.9, Relators, Adan Volpe Properties, Ltd. and Maricela Volpe, General Partner (collectively "AVP"), file this motion for rehearing en banc and for emergency stay and respectfully ask this Court to grant their motion for rehearing en banc and reconsider the September 20, 2017 opinion and judgment denying the relief sought in AVP's petition for writ of mandamus and would show:

AVP urges that this case is worthy of en banc consideration because of the extraordinary circumstances of the case and important considerations concerning the conflict presented between the finality of judgment doctrine and the public policy in favor of arbitration. AVP continues to maintain that there is no valid current agreement to arbitrate; that the trial court erred in compelling arbitration in view of the earlier related final judgment; that the Panel erred in failing to overrule that order and asks this honorable Court to reconsider the September 20, 2017 opinion en banc; grant the relief AVP seeks or; in the alternative, issue an opinion that sets forth the full Court's reasoning in denying the requested relief.

*The Panel did not properly consider that the trial court conduct an evidentiary hearing on AVP's contract defenses against arbitration when it issued its order compelling arbitration on the basis of the 2005 order and 1995 partnership agreement and as such was an abuse of discretion remediable by mandamus.*

The trial court compelled arbitration in part based on the first trial court's 2005 order and the 1995 partnership agreement but failed to properly consider

AVP's defenses against arbitration. AVP believes that the Panel did not properly consider, analyze and apply the law to the facts.

The factual underpinnings of this case demonstrate that for three and a half years after the first trial court dismissed the first lawsuit, ordered the parties to arbitration, and appointed an arbitrator who would later be determined to be unqualified, Volpe did absolutely nothing to either modify, correct, or amend the dismissal of the case as a whole or to advance the arbitration as required under the AAA. As the claimant, Volpe was required to initiate the arbitration by filing a demand for arbitration, the administrative filing fee, and producing a copy of the arbitration agreement from the parties' contract.[1]

---

[1] R-4 (b) of the Arbitration Rules and Mediation Procedures provides:

(b) Arbitration pursuant to a court order shall be initiated by the initiating party filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of any applicable arbitration agreement from the parties' contract which provides for arbitration.

- i. The filing party shall include a copy of the court order.
- ii. The filing fee must be paid before a matter is considered properly filed. If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party to either make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.
- iii. The party filing the Demand with the AAA is the claimant and the opposing party is the respondent regardless of which party initiated the court action. Parties may request that the arbitrator alter the order of proceedings if necessary pursuant to R-32.

The Panel should have determined that Volpe's delay in advancing arbitration once it had been ordered by the trial court constituted a material breach of that agreement that should have precluded Volpe from trying to enforce the agreement to arbitrate now. The Panel should have but did not overrule the trial court on this issue. AVP requests that the Court en banc revisit and reconsider this result and rectify it or at a minimum detail the reasoning for such a result.

***The Panel should have determined that Volpe's delay in advancing arbitration constitutes a material breach of the arbitration agreement precluded him from seeking arbitration twelve years after it was agreed upon.***

Agreements to arbitrate stand on the same footing as other contracts. *In re Dillard Dep't Stores, Inc*., 186 S.W.3d 514, 515 (Tex. 2006). As a result, just like other contracts, if a party materially breaches an arbitration agreement, the non-breaching party is relieved of its obligations under the agreement. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex.2004) (per curiam). ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.").

AVP believes the Panel improperly failed to find that Volpe substantially invoked the judicial process by filing two different lawsuits and filing a motion for summary judgment in a third lawsuit and that Volpe's failure to diligently advance arbitration *once it had been ordered in 2005,* constituted a material breach to AVP's

detriment.

Here, the Panel improperly failed to find that the trial court should have, but did not consider, and should have but did not conduct an evidentiary hearing to determine whether Volpe's delay in advancing arbitration after it had been ordered constituted a material breach or a waiver to AVP's detriment. Volpe's arguments in the trial court and before this Court address only the issue of substantially invoking the judicial process but wholly ignore his failure or refusal to advance the 2005 court ordered arbitration diligently and in accordance with the AAA rules. AVP submits that the issue of whether Volpe's failure or refusal to advance the 2005 court ordered arbitration diligently should have precluded any claimed right to arbitration merits en banc review for important jurisprudence and practical reasons.

AVP asks the Court en banc to consider the delay and gamesmanship that could result if parties are allowed to ignore their obligations to advance arbitration after being ordered to arbitration without consequence. The sole remedy available to a party prejudiced by such delay would be a court order compelling a return to arbitration. The same offending party could then delay a second time and the prejudiced party's sole remedy, again, would be another order compelling arbitration. In this case, even that remedy was not available because, as this court previously determined; the trial court dismissed the case as a whole and could no

longer exercise jurisdiction over the matter. AVP believes that Panel did not properly consider this issue and requests that this Court en banc reconsider the issue and find that Volpe is not entitled to arbitration on this entire record.

While determining whether a refusal or failure to advance arbitration once it is ordered by a court constitutes a material breach of an arbitration agreement must be made on a case-by-case basis after considering the agreement's terms and the conduct of the parties, *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693 (Tex.1994); *Tri-Star Petroleum Co. v. Tipperary Corp*., 107 S.W.3d 607, 622 (Tex. App.-El Paso 2003, pet. denied), AVP requests the Court en banc consider the totality of the circumstances and find that such failure or refusal to advance arbitration here is and was a material breach that would preclude Volpe from now seeking arbitration.

In reconsidering the relief that AVP seeks, the Court en banc should instruct the trial court at the very least to conduct an evidentiary hearing to determine whether Volpe's delay in advancing arbitration following the trial court's 2005, constitutes a material breach of the agreement to arbitrate and therefore precludes Volpe from seeking arbitration almost twelve years later and at most to consider AVP's summary judgment motion.

***The Panel improperly failed to consider that Volpe's delay in advancing arbitration constituted waiver of the arbitration agreement that precluded him from seeking arbitration twelve years after it was agreed upon.***

The trial court never considered or addressed this issue and the Panel failed to order that the trial court, at a minimum should be required to consider this

6

issue. A party seeking to enforce an arbitration agreement can lose the right to do so by waiver. *See e.g. [In re Fleetwood Homes of Texas, L.P., 257 S.W.3d 692 (Tex. 2008)](delay alone insufficient); [In re Vesta Ins. Group, Inc., 192 S.W.3d 759, 763 (Tex. 2006)](same).*

AVP asks the Court en banc to consider whether Volpe waived the right to arbitration by substantially invoking the judicial process by filing two different lawsuits and filing a motion for summary judgment in a third lawsuit, and also waived the right to arbitration by failing to diligently advance arbitration *once it had been ordered in 2005,* to AVP's detriment. The trial court failed to consider, as asserted by AVP in its motion for summary judgment that, in failing to take any action to advance arbitration Volpe demonstrated a clear and unmistakable disinclination to arbitrate to AVP's substantial detriment and prejudice. *See [Miller Brewing Co. v. Fort Worth Distrib. Co., Inc., 781 F.2d 494, 497 (5th Cir. 1986)].* The Panel did not properly consider this issue. AVP asks the Court en banc to reconsider the facts that Volpe initiated not one but two lawsuits seeking damages; filed a motion for summary judgment in the lawsuit filed by AVP; that Volpe turned to arbitration only after suffering an adverse result in the first suit; and that to allow arbitration at this late date is inherently unfair given the record presented in this case.

*The Panel Should have required the trial court to conduct an evidentiary hearing on AVP's defenses against arbitration*

AVP urges that the Panel should have ordered the trial court to conduct an evidentiary hearing on Volpe's claim of mental incapacity. Because the trial court failed to conduct an evidentiary hearing on the issue of capacity and did not make a determination on the capacity issue and the validity of the 2001 buy/sale agreement, there was no basis on which to grant Volpe's motion to compel arbitration under the provision of the 2001 buy/sale agreement and to have done so was an abuse of discretion and error. The Panel should have found such to be the case. AVP requests the Court en banc reconsider this issue and order that the trial court conduct such an evidentiary hearing.

## Motion for Emergency Stay

Relator, AVP, file this motion and ask the Court en banc to stay the underlying trial court proceedings and court ordered arbitration pending resolution of its motion for rehearing en banc, A stay of the challenged order is necessary in order to preserve the questions this Court is now called upon to answer en banc and to preserve the *status quo* while this Court considers AVP's motion for rehearing en banc on its petition for writ of mandamus seeking to vacate and dissolve the order and to instruct the trial court to rule on AVP's motion for summary judgment in the procedural and substantive posture in which it existed on June 29, 2015. Absent emergency relief, AVP will be forced to expend, time and resources in participating in an arbitration solely because the trial court abused its discretion

8

and misapplied the law.

## Conclusion & Prayer

For the reasons discussed herein, Relators, Adan Volpe Properties, Ltd. and Maricela Volpe, General Partner respectfully ask this Court to grant their motion for rehearing en banc and, upon reconsideration of AVP's arguments and authorities contained in its petition for writ of mandamus and this motion and the earlier motion for rehearing, grant AVP the relief it seeks and any and all other relief in law or in equity, AVP has shown itself entitled.

Respectfully submitted,

/s/*Juan A. Gonzalez*
Juan A. Gonzalez
Law Office of Juan A. Gonzalez
State Bar Number 08129310
1502 Meadow Wood
Weslaco, Texas 78596
Phone: (956) 550-1345
Fax: (956) 550-1348
Cell: (956) 494-7292
Email:juangonzalez387@msn.com
*Attorney for Relators,*
*Adan Volpe Properties, Ltd. and*
*Maricela Volpe, General Partner*

**CERTIFICATE OF SERVICE**

I certify that on November 14, 2017 a true and correct copy of Relators' Motion for Rehearing

En Banc and Request for Emergency Stay was served by counsel upon counsel of record listed below

as follows:

*Via E-mail: acampero@camperotamez.com*
*paynec@cbpaynelaw.com*
Mr. Adolfo Campero
Mr. Christopher Payne
315 Calle Del Norte Suite
Laredo, Texas 78041
Phone: 956.796-0330
Facsimile: 956.796-0399

*Via E-mail: marc@mgonzalezlawfirm.com*
Law Office of Marc A. Gonzalez
1308 San Agustin
Laredo, Texas78040
Phone: 956.728.9191
Facsimile: 956.791.9502


*/s/ Juan A. Gonzalez*
Juan A. Gonzalez