SPAN ENTERPRISES and Praful Amin, M.D., Appellants,

v.

Ivan WOOD, Appellee.

No. 01–07–00364–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 2008.

Sean A. Roberts, The Roberts Law Firm, Houston, TX, for Appellant.

David M. Gunn, Alistair B. Dawson, Matthew P. Whitley, Beck, Redden & Secrest, LLP, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and ALCALA.

## OPINION

ALCALA, Justice.

Appellants, Span Enterprises and Praful Amin, M.D., appeal from a judgment in favor of appellee, Ivan Wood. Span and Amin filed suit against Wood asserting causes of action for breach of fiduciary duty, "Knowing Participation/Aiding and Abetting" fraud, and "Knowing Participation/Aiding and Abetting" breach of fiduciary duty. The trial court rendered

summary judgment against Span and Amin. In three issues, Span and Amin contend the trial court erred by granting summary judgment because (1) Span and Amin had an implied attorney-client relationship with Wood; (2) Texas law recognizes a cause of action against a lawyer for aiding and abetting a client's breach of fiduciary duty; and (3) the claims were not barred by the statute of limitations. We conclude there was no attorney-client relationship and therefore no breach of fiduciary duty; there is no cause of action for aiding and abetting a breach of fiduciary duty; and the remaining claim is barred by limitations. We affirm.

## Background

In 1999, Amin, the general partner of Span, met Robert Helms, the CEO of Triumph Healthcare, L.L.P. Triumph was a start-up venture for which Helms was trying to find private investors. Among the investors were friends of Amin, who introduced Amin to Helms. Amin decided to invest $500,000. After months of negotiations, Amin and Helms agreed that Amin would invest $200,000 and loan Triumph an additional $300,000. The terms of the loan payback included two equal installments due 24 and 36 months after closing.

Before this agreement was reduced to writing, Triumph sought counsel from its attorney, Wood. Wood suggested that Triumph issue Amin "Series A Preferred Partnership Units" instead of incurring $300,000 in debt in the form of a loan. Thus, Amin's $300,000 could be treated as an investment in Triumph rather than a debt. Amin understood that he would be paid back and end up with a 10 percent ownership interest in Triumph. On August 10, 1999, Amin and Helms, on behalf of Triumph, signed a "Preliminary Agreement." The agreement stated that Triumph was to incorporate the terms of the Preliminary Agreement "into the partnership documents."

When Wood drew up the partnership agreement, the terms of the guaranteed payback that existed in the Preliminary Agreement were changed. First, the partnership agreement required Amin to request "redemption" of his preferred partnership units, rather than requiring Triumph to make the installment payments at 24 and 36 months. The partnership agreement also provided that each payment would reduce Amin's ownership. Unaware of these changes, Amin executed the partnership agreement.

Later, Amin wished to substitute Span for Amin as a limited partner in Triumph. To accomplish the substitution, a new partnership agreement was prepared. Amin asked Helms about his ownership interest in Triumph after seeing the new agreement. Helms responded to Amin with a letter, telling him that the deal reached in the Preliminary Agreement remained the deal. Helms told Amin that the repayment of the $300,000 would not reduce his ownership interest and that the preferred units would convert to common units on repayment. Amin asserted that Wood had knowledge of Helm's letter, including its contents and the circumstances surrounding it, but Wood did not say anything to Amin.

On February 13, 2002, Triumph exercised the redemption provisions of the partnership agreement. This reduced Span's interest in Triumph by approximately four percent. On February 10, 2002, Span and Amin filed this suit against Wood, asserting causes of action for breach of fiduciary duty, "Knowing Participation/Aiding and Abetting" Triumph "in committing fraud," and "Knowing Participation/Aiding and Abetting" Triumph in "breaching fiduciary duties."

Wood moved for summary judgment on the grounds (1) he owed no fiduciary duty to Span or Amin as a matter of law because no attorney-client relationship existed and (2) the claims were barred by limitations. The trial court, in an interlocutory order, granted the motion in part. The trial court found that there was no attorney-client relationship as a matter of law, but denied Wood's motion on the limitations ground.

In his second amended motion for summary judgment, Wood asserted the following three grounds:

First, Plaintiff's claims are barred by the two-year statute of limitations for civil conspiracy claims.

Second, Plaintiffs' allegations of "aiding and abetting" fraud would be time-barred even under a four-year statute of limitations.

Finally, Texas does not recognize a cause of action against an attorney for "aiding and abetting" his client's alleged breach of fiduciary duties.

The trial court granted this motion, stating that "there is no cognizable cause of action against an attorney for aiding and abetting his clients' alleged breach of its fiduciary duties." The trial court alternatively granted the motion on the grounds of limitations.

## Summary Judgment Standard of Review

■ We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). Traditional summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). In reviewing a traditional summary judgment, we must indulge every reasonable inference in favor of the nonmovant, take all evidence favorable to the nonmovant as true, and resolve any doubts in favor of the nonmovant. *Valence,* 164 S.W.3d at 661. A defendant who moves for traditional summary judgment on the plaintiff's cause of action must conclusively disprove at least one element of the plaintiff's cause of action. *Little v. Tex. Dep't of Criminal Justice,* 148 S.W.3d 374, 381 (Tex.2004).

## Attorney–Client Relationship

In their second issue, Span and Amin assert the trial court erred by determining no attorney-client relationship existed between Wood and them. Specifically, they contend that the summary judgment evidence raises a fact question concerning whether an attorney-client relationship was created by implication because (1) Wood voluntarily accepted the task of incorporating the terms of the Preliminary Agreement into the partnership agreement and (2) Span and Amin relied on Wood to "incorporate the terms into the partnership agreement without changing them."

■ To support this position, Span and Amin rely on the Restatement (Third) of the Law Governing Lawyers. Section 14 of the Restatement provides,

A relationship of client and lawyer arises when:

(1) a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and either

(a) the lawyer manifests to the person consent to do so; or

(b) the lawyer fails to manifest lack of consent to do so, and the lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide the services; or

(2) a tribunal with power to do so appoints the lawyer to provide the services.

RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 14 (2000). We note that no Texas case has expressly adopted section 14 of the Restatement. However, courts have recognized that an attorney-client relationship can arise by implication. *See Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.,* 105 S.W.3d 244, 254 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). An attorney-client relationship is a contractual agreement that can be created by an express contract or implied from the actions of the parties. *Id.* We must determine whether a contract can be implied using an objective standard, looking at what the parties said and did, and we do not consider their unstated, subjective beliefs. *Id.* Here, the summary judgment evidence fails to raise a fact issue concerning the creation of an attorney-client relationship.

■ Span and Amin contend that Amin "expressly manifested his intent that Baker & Hostetler (specifically Wood) provide legal services on his behalf (*i.e.,* the incorporation of terms into the Triumph partnership agreement)." However, the only evidence identified in support of this contention is Amin's deposition testimony. Amin stated,

Here's the way I look at it. Mr. Helms and I put on a piece of paper an understanding what our deal is. Now, he says the attorneys are going to go put—incorporate this into partnership. If I cannot trust that, that whoever the attorney is, is going to incorporate just that portion and not change it without my permission, then I hold that attorney responsible. .... Whether Mr. Wood or whoever was doing the work for the company which I'm joining in it's a safe thing for me to assume that he's going

to—he's working for me as well at that point.

Nothing in this testimony shows that Amin ever manifested an intent to Wood that Wood provide legal services to Span or Amin or that Wood reasonably should have known that Span and Amin relied on him to provide legal services. Amin's unstated, subjective beliefs do not give rise to an attorney-client relationship by implication. *See Tanox, Inc.,* 105 S.W.3d at 254. As part of his summary judgment evidence, Wood provided admissions by Span and Amin that in 1999 and 2000, during the negotiations for joining Triumph, they did not know Wood was involved in drafting the partnership documents, they never communicated with Wood, and they never received legal services from Wood. We conclude the summary judgment evidence does not raise a fact question concerning the existence of an attorney-client relationship between Wood and Span and Amin.

We overrule the second issue.

### "Aiding and Abetting" a Breach of Fiduciary Duty

In their third issue, Span and Amin assert the trial court erred by granting summary judgment on the ground that there is no cause of action for "aiding and abetting" a breach of fiduciary duty. Because no attorney-client relationship existed, Wood owed no fiduciary duty to Span and Amin.

■ Texas courts have refused "to expand Texas law to allow a non-client to bring a cause of action for 'aiding and abetting' a breach of fiduciary duty, based upon the rendition of legal advice to an alleged tortfeasor client." *Alpert v. Crain, Caton & James, P.C.,* 178 S.W.3d 398, 407 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). In *Alpert,* the plaintiff's case was dismissed after the defendant specially excepted to the plaintiff's petition for failure

to plead a cause of action recognized under Texas law. *Id.* at 402. The plaintiff refused to amend, and the trial court dismissed. *Id.* This Court affirmed the trial court's dismissal, noting that the facts the plaintiff alleged in his petition "to support his claim of aiding and abetting a breach of fiduciary duty occurred during [defendant's] representation of [defendant's client]." *Id.* at 407. The plaintiff did not allege the defendant "committed any acts or misrepresentation, independent of its representation of [its client], upon which he justifiably relied." *Id.*

Here, Span and Amin alleged that Wood committed a breach of fiduciary duty towards them. We have already concluded that Wood did not have an attorney-client relationship with Span and Amin and owed no fiduciary duty to them. Further, the conduct on which Span and Amin assert they justifiably relied was not "independent of [Wood's] representation" of Triumph. A review of the factual allegations in the petition show that Wood's conduct made the basis of this suit is that he (1) "devised the scheme" of issuing preferred partnership units in lieu of a regular debt obligation and (2) failed to advise Span or Amin that they should have a lawyer review the partnership agreement. Span and Amin specifically pleaded that Amin signed the partnership agreement "[i]n reliance upon representations by Triumph." Span and Amin also pleaded that they acted in "reliance that Wood had done what he was supposed to do," by writing the partnership agreement in accordance with the terms of the Preliminary Agreement. Because Wood's actions were as Triumph's attorney, Wood's conduct was not independent of his representation of his client. Accordingly, we conclude that the trial court did not err by determining that Span and Amin failed to plead a cognizable cause of action for aiding and abetting a breach of fiduciary duty. *See id.*

We overrule Span and Amin's third issue.

### Limitations

■ In their first issue, Span and Amin contend that the trial court erred by granting summary judgment for Wood on the basis of limitations. Having upheld the trial court's summary judgment on the claims for breach of fiduciary duty and aiding and abetting a breach of fiduciary duty, the only claim that remains is the claim for aiding and abetting fraud. However, it is not settled whether "Knowing Participation/Aiding and Abetting" fraud is a viable cause of action in Texas. *See Shinn v. Allen,* 984 S.W.2d 308, 310 (Tex. App.-Houston [1st Dist.] 1998, no pet.) (citing *Juhl v. Airington,* 936 S.W.2d 640, 643 (Tex.1996)). Even if there were a cause of action for aiding and abetting fraud, we conclude it would be barred by limitations. A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). Thus, Wood must (1) conclusively prove when the cause of action accrued and (2) negate the discovery rule, if it applies, by proving as a matter of law that there is no genuine issue of material fact about when Span and Amin discovered, or in the exercise of reasonable diligence should have discovered, the nature of their injury. *See id.*

■■ The general rule is that a cause of action accrues when a wrongful act causes some legal injury, even when the fact of injury is not discovered until later, and even if all of the resulting damages have not yet occurred. *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996). However, there are exceptions to the general rule that operate to defer accrual and toll statutes of

limitations. *See Mellon Serv. Co. v. Touche Ross & Co.*, 17 S.W.3d 432, 435–36 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Limitations may be tolled: (1) where a defendant has fraudulently concealed a plaintiff's injury and (2) where the nature of the injury is inherently undiscoverable, but may be objectively verified. *Id.* at 436.

On appeal, Span and Amin assert that their cause of action for aiding and abetting fraud did not accrue until February 13, 2002, when Triumph redeemed the preferred partnership units and reduced Span's ownership interest in Triumph, because that is when they incurred damages and could bring a cause of action for those damages.

■ The summary judgment evidence is undisputed that the partnership agreement, which did not comport with the terms of the Preliminary Agreement, was signed on September 3, 1999. Span and Amin were aware or in the exercise of reasonable diligence should have been aware of the fraud on that date. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 134 (Tex.2004) ("[P]arties to a contract have an obligation to protect themselves by reading what they sign.") (quoting *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962)). Therefore, applying the general rule, the claim is barred by limitations.

To support their position that their fraud cause of action did not accrue until Triumph redeemed the partnership units, Span and Amin cite to *Atkins v. Crosland*, 417 S.W.2d 150 (Tex.1967). In *Atkins*, the supreme court held that the cause of action for accounting malpractice, under the facts of that case, did not accrue until the Commissioner of Internal Revenue assessed a deficiency against the plaintiff. *Atkins*, 417 S.W.2d at 153. Span and Amin assert that, as in that case, the cause

of action here did not accrue until Triumph redeemed the preferred partnership units, depriving them of an ownership interest in Triumph. However, in *Atkins*, the supreme court also announced, "The general rule is that a cause of action sounding in tort accrues, in the absence of a statute to the contrary or fraudulent concealment, when the tort is committed. This rule obtains notwithstanding the fact of damages, or their extent, are not ascertainable until a later date." *Id.* (citations omitted). In addition, the supreme court later noted, "No Texas court has read *Atkins* to hold that a cause of action for faulty advice never accrues until the taxpayer receives a deficiency notice." *Murphy v. Campbell*, 964 S.W.2d 265, 271 (Tex.1997). Rather, the court held that the discovery rule applies to accounting malpractice cases and the cause of action accrues "when the claimant knows or in the exercise of reasonable diligence should know of the wrongful act resulting in injury." *Id.* at 270. We see no reason that the general rule should not apply in this case. Span and Amin were aware or, in the exercise of reasonable diligence, should have been aware of the fraud when Amin signed the partnership agreement that did not comport with the Preliminary Agreement. *See id.; Atkins*, 417 S.W.2d at 153.

In the alternative, Span and Amin contend limitations should be tolled in this case to defer the accrual of their fraud cause of action because (1) Wood's failure to disclose the changes in the partnership agreement was fraudulent concealment because, as a fiduciary, Wood had a duty to speak; and (2) their injury was inherently undiscoverable.

We have already determined that Wood did not have an attorney-client relationship with Span or Amin. Therefore, Wood owed no fiduciary duty. Further, Span and Amin's injuries were not inherently undis-

coverable. When Amin signed the partnership agreement in 1999 and again when Span was substituted as a partner in 2000, the terms of the partnership agreement were not the same as the Preliminary Agreement. Span and Amin could have discovered their injuries by reading the partnership agreement. There is no evidence in the record to indicate that the injury was inherently indiscoverable. We therefore conclude the trial court did not err by granting summary judgment based on limitations. *See J.M. Krupar Constr. Co., Inc. v. Rosenberg*, 95 S.W.3d 322, 333 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (affirming summary judgment where no evidence showed injury inherently undiscoverable); *see also Mauskar v. Hardgrove*, No. 14-02-00756-CV, 2003 WL 21403464, at *4 (Tex.App.-Houston [14th Dist.] June 19, 2003, no pet.) (mem. op.).

We overrule Span and Amin's first issue.

## Conclusion

We affirm the judgment of the trial court.