

WITHDRAWN 8/25/2010
REISSUED 10/6/2010

**IN THE**
**TENTH COURT OF APPEALS**

——————————

**No. 10-10-00226-CV**

**IN RE TOUPS LAW FIRM**

——————————

**Original Proceeding**

---

## MEMORANDUM OPINION

---

The Toups Law Firm seeks a writ of mandamus compelling Respondent, the Honorable John A. Hutchinson III, assigned judge to the County Court at Law No. 1 of Brazos County, to cancel a *lis pendens*. We conditionally grant relief.

### MANDAMUS REQUIREMENTS

Generally, mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); *see also In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006) (orig. proceeding). Mandamus is the proper remedy for a trial court's refusal to cancel an improper *lis*

*pendens*.  *See Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (orig. proceeding); *see also In re Jamail*, 156 S.W.3d 104, 107 (Tex. App.—Austin 2004, orig. proceeding).

### FACTUAL BACKGROUND

Carolyn G. Vance filed a motion to remove William R. Vance, Jr. as the independent executor of the Estate of Florene K. Grace and sought a declaratory judgment regarding the ownership of certain assets.[1]  To pay attorney's fees and costs allegedly incurred as a result of defending the estate, William conveyed a piece of estate property to Toups.  Carolyn moved to declare the transfer void and filed a notice of *lis pendens*.  Toups filed a plea to the jurisdiction, special exceptions, and a traditional motion for summary judgment requesting dissolution of the *lis pendens*.

Respondent denied Toups's plea to the jurisdiction, granted Toups's special exceptions in part, and granted Toups's motion for summary judgment in part.  Respondent ordered that "the conveyance should not be declared void because the underlying Order appointing William…Independent Executor of the Estate…was void."  Respondent found that "there is a pending dispute involving title to the property."  The *lis pendens* has not been cancelled.

### ANALYSIS

Toups presents three issues supporting his contention that Respondent abused his discretion by refusing to cancel the *lis pendens*.  In issue one, Toups raises two arguments: (1) Carolyn failed to plead a recognized cause of action; and (2) Respondent

---

[1]    A judge entered an order declaring void William's appointment as executor, but this Court reversed.  *See In re Vance*, No. 10-09-00177-CV, 2009 Tex. App. LEXIS 9154, at \*14 (Tex. App.—Waco Nov. 29, 2009, orig. proceeding).

lacks subject matter jurisdiction. In issue two, Toups contends that Carolyn merely alleges a collateral interest, not a direct interest in the property. In issue three, Toups argues that Carolyn lacks standing to sue Toups due to a lack of privity.

## Applicable Law

A *lis pendens* may be filed "during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." TEX. PROP. CODE ANN. § 12.007(a) (Vernon Supp. 2009). Section 12.007 "gives litigants a method to constructively notify anyone taking an interest in real property that a claim is being litigated against the property." *In re Collins*, 172 S.W.3d 287, 292 (Tex. App.—Fort Worth 2005, orig. proceeding).

> On the motion of a party or other person interested in the result of or in property affected by a proceeding in which a lis pendens has been recorded and after notice to each affected party, the court hearing the action may cancel the lis pendens at any time during the proceeding, whether in term time or vacation, if the court determines that the party seeking affirmative relief can be adequately protected by the deposit of money into court or by the giving of an undertaking.

TEX. PROP. CODE ANN. § 12.008(a) (Vernon 2004). "If a lis pendens does not fall under the ambit of section 12.007…the opposing party is not required to comply with section 12.008…in order to 'nullify, remove, or cancel the notice.'" *Jordan v. Hagler*, 179 S.W.3d 217, 221 n.1 (Tex. App.—Fort Worth 2005, no pet.) (quoting *Helmsley-Spear of Tex., Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding)).

## Failure to Plead a Cause of Action

During a hearing, Respondent granted Toups's special exceptions regarding Carolyn's failure to "plead any elements of a cause of action" and "give fair notice of

[her] claim against [] [Toups]." Carolyn filed her first amended petition to declare the transfer void and impose a constructive trust, alleging: (1) the property was conveyed to Toups as payment for fees that were not "reasonable and necessary for the preservation, safekeeping and management of the Estate;" (2) William undertook actions, through Toups, that were detrimental to the Estate; (3) William breached his fiduciary duty to Carolyn by conveying the property to Toups and causing the Estate to be indebted to Toups, when "most, if not all of the actions of Toups were not justified and were unnecessary;" and (4) the conveyance to Toups was not valid, but was made with intent to "hinder and defraud Carolyn" and was made "without receiving a reasonably equivalent value in exchange for the transfer." Respondent subsequently entered a written order on Toups's special exceptions and ordered Carolyn to replead. Carolyn filed a seventh amended petition to remove William as executor, which included a petition to declare the transfer void and her allegations against Toups.

Toups contends that Carolyn's pleadings fail to state a cause of action, rendering the *lis pendens* improper. Carolyn contends that her pleadings allege a cause of action against Toups as a joint tort-feasor.

"[W]here a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tort-feasor with the fiduciary and is liable as such." *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942). However, this cause of action does not always apply to non-clients.

In *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398 (Tex. App.—Houston [1st Dist.] 2005, pet. denied), Crain represented Alpert's former attorney, Riley. *See Alpert*,

178 S.W.3d at 402. Alpert sued Crain, alleging a cause of action for aiding and abetting a breach of fiduciary duty. *Id*. Crain filed special exceptions, arguing that Alpert failed to state a cause of action against it. *Id*. at 404. The trial court granted the special exception and dismissed the lawsuit. *Id*. at 402. The First Court held:

> Absent any allegation that Crain Caton committed an independent tortious act or misrepresentation, we decline Alpert's invitation to expand Texas law to allow a non-client to bring a cause of action for "aiding and abetting" a breach of fiduciary duty, based upon the rendition of legal advice to an alleged tortfeasor client.

*Id*. at 407.

In *Span Enterprises v. Wood*, 274 S.W.3d 854 (Tex. App.—Houston [1st Dist.] 2008, no pet.), Span and Amin sued Wood, Triumph's attorney. *See Wood*, 274 S.W.3d at 856. "Wood did not have an attorney-client relationship with Span and Amin and owed no fiduciary duty to them." *Id*. at 859. "Because Wood's actions were as Triumph's attorney, Wood's conduct was not independent of his representation of his client." *Id*. "Span and Amin failed to plead a cognizable cause of action for aiding and abetting a breach of fiduciary duty." *Id*.

In this case, Carolyn alleges that Toups aided and abetted a breach of fiduciary duty allegedly committed by William. She does not allege any independent act or misrepresentation by Toups. Accordingly, she has failed to plead a cognizable cause of action against Toups for aiding and abetting breach of fiduciary duty. *See Wood*, 274 S.W.3d at 859; *see also Alpert*, 178 S.W.3d at 407. Because there is no pending cause of action against Toups, the *lis pendens* is improper and Respondent abused his discretion

by refusing to cancel the *lis pendens*.[2]  We need not consider Toups's remaining arguments.  *See* TEX. R. APP. P. 47.1.

Because Toups has no adequate remedy by appeal, we conditionally grant the writ.  *See Flores*, 915 S.W.2d at 478; *see also Jamail*, 156 S.W.3d at 107.  The writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has cancelled the *lis pendens*.



                FELIPE REYNA
                Justice

Before Justice Reyna,
       Justice Davis, and
       Judge Walton[3]
Writ conditionally granted
Opinion delivered and filed August 25, 2010
[OT06]

---

[2]     To establish entitlement to a constructive trust, Carolyn would have to show "breach of a special trust, fiduciary relationship, or actual fraud."  *Hubbard v. Shankle*, 138 S.W.3d 474, 485 (Tex. App.—Fort Worth 2004, pet denied).

[3]     The Honorable Ralph H. Walton, Jr., Judge of the 355th District Court, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).