**Opinion issued August 4, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00245-CV

_____

## S.C. MAXWELL FAMILY PARTNERSHIP, LTD., Appellant

## V.

## THOMAS KENT & NANCY KENT, Appellees

---

**On Appeal from the 335th Judicial District**
**Washington County, Texas**
**Trial Court Case No. 35517**

---

## O P I N I O N

This interlocutory appeal arises out of a declaratory judgment action filed by appellees Thomas and Nancy Kent. The Kents seek a declaration that their partnership agreement with appellant S.C. Maxwell Family Partnership, Ltd. is valid, and that they own half of a self-storage facility in Brenham, Texas. The

Maxwell Family Partnership brings this interlocutory appeal, challenging the trial court's denial of its motion to compel arbitration pursuant to the parties' partnership agreement.

The Maxwell Family Partnership bears the burden of proving a valid arbitration agreement in order to compel arbitration. Because it inconsistently asserts a defense that disputes the very existence of the contract by alleging a failure of consideration and thereby challenging its formation, we affirm the trial court's ruling denying the motion to compel arbitration.

## Background

Thomas and Nancy Kent received a letter from S.C. Maxwell Family Partnership Ltd. which contended that a partnership agreement between them was invalid. In response, the Kents filed a declaratory-judgment action, seeking a declaration that the agreement was valid and, pursuant to its terms, they are 50% owners of a self-storage facility in Brenham, Texas.

In its live pleading before the trial court, the Maxwell Family Partnership answered by attacking the formation and validity of the partnership agreement on multiple grounds. While it contends that an agent of its general partner executed the partnership agreement with the Kents on its behalf, it nevertheless also asserted defenses of fraud, fraud in the inducement, failure of consideration, and lack of consideration.

2

The Maxwell Family Partnership filed a motion to compel arbitration of the parties' dispute. In the motion it argued that, unlike a defense asserting that the signor lacked capacity, its defenses attacking the validity of the partnership agreement with the Kents were issues for the arbitrator to decide. After a hearing on the motion, the trial court denied the Maxwell Family Partnership's motion to compel arbitration. This interlocutory appeal followed.

## Analysis

In a single issue, the Maxwell Family Partnership contends that the trial court erred by denying its motion to compel arbitration. The disputed partnership agreement containing the arbitration clause specifically invoked the Texas Arbitration Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 171.001–.098. No party argues that the Federal Arbitration Act, 9 U.S.C. §§ 1–16, preempts the TAA or is materially different on any issue in this case, and as such we take guidance from decisions addressing both the FAA and TAA. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 519 n.14 (Tex. 2015).

This appeal presents a circumstance in which the plaintiffs in the trial court filed a lawsuit in a Texas court, asking for a declaration of the validity of a contract that includes a clause calling for disputes to be resolved in arbitration. Such arbitration provisions are not self-executing—for example, they may be waived.

*See, e.g.*, *G.T. Leach Builders*, 458 S.W.3d at 511. A party to a lawsuit who seeks to enforce an arbitration provision must file a motion to compel arbitration.

We review a trial court's interlocutory order denying a motion to compel arbitration for an abuse of discretion, deferring to the trial court's factual determinations if they are supported by the evidence and reviewing legal determinations de novo. *Valerus Compression Servs., LP v. Austin*, 417 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2013, no pet.). To prevail on a motion to compel arbitration under the TAA, the movant must first establish the existence of "an agreement to arbitrate" that applies to the parties' dispute and that the opposing party has refused to arbitrate. TEX. CIV. PRAC. & REM. CODE § 171.021(a); *see also Ellis v. Schlimmer*, 337 S.W.3d 860, 861 (Tex. 2011); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Although Texas law strongly favors arbitration, the presumption favoring arbitration arises only after the court determines that a valid agreement to arbitrate exists. *See Webster*, 128 S.W.3d at 227.

Under the "separability doctrine" established as an interpretation of the FAA in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S. Ct. 1801 (1967), an arbitration provision is separable from the rest of a contract, such that a challenge to the validity of the entire contract is a question for the arbitrator, while a challenge directed specifically to the arbitration provision may be resolved by a

court. *Prima Paint*, 388 U.S. at 404, 87 S. Ct. at 1806 (quoting 9 U.S.C. § 4). This court previously has applied the *Prima Paint* separability doctrine to agreements governed by the TAA. *See Women's Reg'l Healthcare, P.A. v. FemPartners of N. Texas, Inc.*, 175 S.W.3d 365, 368 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 229 n.4 (Tex. App.—Dallas 2010, pet. denied). Since *Prima Paint*, courts have distinguished between issues of a contract's very "formation" from other issues impacting a contract's "validity." *E.g.*, *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 186 (Tex. 2009) (orig. proceeding) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1, 126 S. Ct. 1204, 1208 (2006)). With respect to the "formation" category, the Supreme Court of Texas has held that "where the very existence of a contract containing the relevant arbitration agreement is called into question, the . . . courts have authority and responsibility to decide the matter." *Morgan Stanley*, 293 S.W.3d at 187 (internal quotations omitted). For example, a claim that a signor did not have authority or capacity to execute to the contract goes to contract formation and as such is an issue to be resolved by the court, not the arbitrator. *Id.* at 189–90 (lack of mental capacity); *Am. Med. Techs., Inc. v. Miller*, 149 S.W.3d 265, 273 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (lack of authority).

As the movant seeking to compel arbitration, the Maxwell Family Partnership bore the burden of proving the existence of "an agreement to arbitrate." *See* TEX. CIV. PRAC. & REM. CODE § 171.021(a); *Webster*, 128 S.W.3d at 227. In this case, however, it denies both the original formation of any contract (by alleging the absence of consideration) as well as the validity of any contract that was formed (by alleging fraud and fraud in the inducement). If the Maxwell Family Partnership's challenges to the contract were limited to the "validity" category of defenses, it could maintain the position that such defenses are properly decided in arbitration.

But the Maxwell Family Partnership pleaded a "lack of consideration" to support the partnership agreement with the Kents. At the hearing on its motion, the Maxwell Family Partnership reiterated that it was challenging the agreement on the basis of a lack of consideration. On appeal, it stated again that it "reserved the right to attack the partnership agreement on the basis that . . . there was a failure of consideration or lack of consideration for the agreement."

This allegation challenging the formation of a valid contract is incompatible with the movant's burden to prove the existence of an agreement to arbitrate. *See Am. Med. Techs.*, 149 S.W.3d at 271, 274–75. In determining whether an agreement to arbitrate exists for purposes of deciding a motion to compel arbitration, courts apply "traditional contract principles." *Webster*, 128 S.W.3d at

6

227–28 (citing, among other cases, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924 (1995), for the proposition that "when deciding whether the parties agreed to arbitrate, 'courts generally . . . should apply ordinary state-law principles that govern the formation of contracts'")). Under the ordinary principles governing the formation of contracts in Texas, consideration is a necessary requirement for the formation of a contract. If there is no consideration—that is, no mutuality of obligation—then there is no contract. *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (per curiam) ("When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract.").

Because the Maxwell Family Partnership alleged a lack of consideration as a defense to enforcement of the partnership agreement with the Kents, and because that allegation, if true, undermines the very existence of that contract, it was a matter for the court to resolve. *See Morgan Stanley*, 293 S.W.3d at 189; *Nazareth Hall Nursing Ctr. v. Melendez*, 372 S.W.3d 301, 306 (Tex. App.—El Paso 2012, no pet.) (holding that lack of consideration to support contract containing arbitration agreement was matter for the court, not the arbitrator). Therefore the trial court did not err in denying the Partnership's motion to compel arbitration.

In its appellate brief, The Maxwell Family Partership relies on Section 171.021(b) of the Civil Practice and Remedies Code to argue that because

the Kents, who oppose arbitration, did not deny the existence of the agreement, the trial court should have ordered arbitration. By its express terms, the statute does not support this argument. Section 171.021(b) applies only in the circumstance when "a party opposing an application made under Subsection (a) denies the existence of the agreement." TEX. CIV. PRAC. & REM. CODE § 171.021(b). That circumstance does not apply in this case, in which the Kents do not deny the existence of the agreement, but instead affirmatively seek to confirm the agreement's existence and validity.

The Maxwell Family Partnership also argues that the Kents judicially admitted that arbitration is appropriate. However, the statement relied upon for this argument demonstrates its deficiency. At the hearing on the motion to compel arbitration, the Kents' attorney stated: "if there's a valid Partnership Agreement, I fully agree. This case, pursuant to the agreement, should be arbitrated." The obstacle to arbitration is the Maxwell Family Partnership's insistence on reserving the right to challenge the partnership agreement on the basis of failure of consideration. As explained above, that particular issue pertains to the formation of the contract containing the arbitration provision, and as such is a threshold issue for the court to resolve. *See Morgan Stanley*, 293 S.W.3d at 189.

We overrule the Maxwell Family Partnership's sole issue.

## Conclusion

Because the Maxwell Family Partnership argued repeatedly that a partnership agreement was never formed due to a lack of consideration, the trial court correctly could have concluded that it failed to satisfy its initial burden to establish the existence of an enforceable arbitration agreement. *See Am. Med. Tech.*, 149 S.W.3d at 271, 274–75. We affirm the trial court's order denying the motion to compel arbitration.


                                        Michael Massengale
                                        Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.