**Opinion issued September 24, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00042-CV

———————————

## SHRADER & ASSOCIATES, L.L.P., Appellant

## V.

## CRISSY CARRASCO AND DAVID CARRASCO, JR., Appellees

On Appeal from the 295th District Court
Harris County, Texas
Trial Court Case No. 2018-57553

## MEMORANDUM OPINION

Shrader & Associates, L.L.P. filed a declaratory judgment action seeking an order compelling Crissy Carrasco and David Carrasco, Jr. to arbitrate their legal malpractice claim against the firm. The Carrascos disputed personal jurisdiction. The trial court agreed with the Carrascos and dismissed the firm's suit. We affirm.

# BACKGROUND

## *Malpractice Suit*

The Carrascos, California residents who have no contacts with Texas, retained Shrader & Associates, a Texas law firm, to represent them in a personal-injury matter. After the statute of limitations had expired as to the personal-injury claim and without filing suit, the law firm informed the Carrascos that it would be unable to represent them or pursue litigation on their behalf and therefore ended its representation of the Carrascos. The Carrascos then sued the firm in California state court, alleging legal malpractice.

## *Declaratory Judgment Action*

Shrader & Associates filed this declaratory judgment action against the Carrascos seeking an order compelling arbitration of their legal malpractice claim. The firm alleged that the Carrascos had signed a fee agreement containing a mandatory arbitration clause as to any attorney-client disputes.

In relevant part, the fee agreement's arbitration clause states:

> XVII. Arbitration. Any disagreement, dispute, claim or cause of action arising pursuant to the performance of this agreement shall be resolved through binding arbitration. The arbitration shall take place before a panel of three (3) arbitrators in conformance with the rules of the American Arbitration Association in Houston, Harris County, Texas.[1]

---

[1] The original text appears in bold font and ALL CAPS. These qualities have been omitted here for ease of readability.

2

It is undisputed that the Carrascos signed the fee agreement and that a representative of Shrader & Associates did not do so despite a separate signature block for the firm. Above the parties' signature blocks, the agreement provides that, "This Attorney-Fee Contract was entered into on _____." The blank provided for the date of execution is empty.

The Carrascos filed a special appearance contesting personal jurisdiction. Shrader & Associates responded that the trial court had personal jurisdiction over the Carrascos for the limited purpose of compelling arbitration because the fee agreement's arbitration clause provided for arbitration in Houston.

The trial court granted the Carrasco's special appearance and dismissed the firm's declaratory judgment action for lack of personal jurisdiction. The trial court did not specify the rationale underlying its dismissal order.

*Arbitral Proceeding*

On the same day that it filed its declaratory judgment action, Shrader & Associates filed an arbitration demand with the American Arbitration Association. The Association administratively determined that the firm's arbitration clause violated its consumer arbitration rules, in part because the clause's requirement that the arbitration be held in Houston was not reasonably convenient for both parties. The Association requested that Shrader & Associates waive this aspect of the arbitration clause as a prerequisite to arbitration. The firm disputed that the consumer

arbitration rules applied and refused the waive the clause's specification of Houston as the location of the arbitration. The Association therefore declined to administer the arbitration.

## DISCUSSION

Shrader & Associates appeals from the trial court's order granting the Carrasco's special appearance. The firm does not contend that there is general or specific personal jurisdiction over the Carrascos. Instead, it contends that the fee agreement's arbitration clause provides personal jurisdiction over the Carrascos for the limited purpose of compelling them to arbitrate their legal malpractice claim. The Carrascos contend that the fee agreement, including its arbitration clause, is not enforceable because the firm neither signed the agreement nor submitted other evidence of its intent to be bound by the fee agreement. The Carrascos additionally contend that the American Arbitration Association's administrative dismissal of the firm's arbitration demand makes the firm's continued demand for arbitration futile.

### *Standard of Review*

We review de novo whether a trial court has personal jurisdiction. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018). Because the trial court did not issue findings of fact and conclusions of law, we imply all facts necessary to support its judgment that are supported by the record. *Id.* To the extent

4

that the facts relevant to our jurisdictional inquiry are undisputed, whether those facts establish personal jurisdiction is question of law. *Id.*

*Applicable Law*

When a party signs an agreement with a forum-selection clause, the party consents to personal jurisdiction in that forum, rendering ordinary principles of general and specific jurisdiction irrelevant. *See Guam Indus. Servs. v. Dresser–Rand Co.*, 514 S.W.3d 828, 833 (Tex. App.—Houston [1st Dist.] 2017, no pet.). An arbitration clause is a type of forum-selection clause. *Id.* The fee agreement's arbitration clause in this case provided for arbitration in Houston. The dispositive question therefore is whether the arbitration clause is enforceable. *See id.*

An arbitration clause in a valid attorney-client agreement generally is enforceable. *See Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 500 (Tex. 2015); *see also Labidi v. Sydow*, 287 S.W.3d 922, 928 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (attorney-client disputes involving contract, relationship, services rendered, or fees charged are arbitrable). In deciding whether to compel arbitration in a given case, a trial court must ascertain whether a valid, enforceable arbitration agreement exists, and, if so, whether the claims asserted fall within the scope of that agreement. *Chambers v. O'Quinn*, 305 S.W.3d 141, 146 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

The existence of an enforceable arbitration agreement is a legal question resolved by ordinary contract principles. *Parker v. Schlumberger Tech. Corp.*, 475 S.W.3d 914, 922 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Thus, the party that is trying to enforce the agreement must show that it "meets all requisite contract elements." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003). These elements include an offer, an acceptance, a meeting of the minds, each party's consent to the terms, and the execution and delivery of the contract with the intent that it be mutual and binding. *APMD Holdings, Inc. v. Praesidium Med. Prof'l Liab. Ins. Co.*, 555 S.W.3d 697, 707 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *see also S.C. Maxwell Family P'ship v. Kent*, 472 S.W.3d 341, 344 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (contract-formation issues going to very existence of agreement containing arbitration clause must be resolved by trial court).

The party trying to compel arbitration bears the burden of proving the existence of a valid arbitration agreement. *Chambers*, 305 S.W.3d at 146. Once the party trying to compel arbitration has done so, the burden shifts to the opposing party to establish a defense to the arbitration agreement, such as fraud, unconscionability, or waiver. *See Lopez*, 467 S.W.3d at 500; *Chambers*, 305 S.W.3d at 146.

### Analysis

Shrader & Associates contends that the fee agreement's arbitration clause is enforceable even though a representative of the firm did not sign the agreement. In

6

support, the firm primarily relies on our decision in *Chambers*, a legal malpractice suit in which we affirmed the trial court's order compelling arbitration based on an arbitration clause contained in fee agreements that had been signed by the clients but not by the attorney. *See Chambers*, 305 S.W.3d at 147, 152–53.

The Carrascos initially contend that the firm's failure to sign the fee agreement makes its arbitration clause unenforceable. They rely on section 82.065(a) of the Government Code, which requires contingent-fee contracts for legal services to be in writing and signed by the attorney and the client. TEX. GOV'T CODE § 82.065(a).

In *Chambers*, this court rejected the position that section 82.065(a) makes an arbitration clause in a fee agreement unsigned by the attorney unenforceable. 305 S.W.3d at 152–53. The court reasoned that the purpose of section 82.065(a), which is a statute of frauds, was fulfilled because the client—the party against whom the arbitration clause was being enforced—had signed the fee agreement. *See id.* at 152; *accord Law Office of Thomas J. Henry v. Cavanaugh*, No. 05-17-00849-CV, 2018 WL 2126936, at *4 (Tex. App.—Dallas May 7, 2018, pet. denied) (mem. op.) (firm's failure to sign fee agreement, standing alone, did not make its arbitration clause unenforceable). Accordingly, Shrader & Associates' failure to sign the agreement— in and of itself—does not render the agreement's arbitration clause unenforceable.

The Carrascos further contend, however, that the record lacks any evidence that the firm intended to be bound by the fee agreement. Because the firm neither

7

signed the agreement nor introduced other evidence that the firm had accepted the agreement's terms, the Carrascos contend, *Chambers* is not dispositive.

We agree that *Chambers* is not dispositive. While that decision is controlling as to section 82.065(a)'s effect, the firm's failure to sign the fee agreement still presents a contract-formation issue under ordinary contract principles. *See RSL Funding v. Newsome*, 569 S.W.3d 116, 124 (Tex. 2018) (characterizing "whether a party ever signed a contract" as a contract-formation defense). In *Chambers*, there was ample evidence that the attorney had accepted the fee agreement and intended to be bound by it, despite the absence of his signature. Specifically, the attorney provided legal services under the agreement, representing the clients in litigation and settling their claims. *See Chambers v. O'Quinn*, 242 S.W.3d 30, 31 (Tex. 2007) (per curiam). Similarly, in *Cavanaugh*, the firm filed suit on its client's behalf and represented him in litigation for more than a year, which evidenced an intent to be bound by the agreement's terms. *See Cavanaugh*, 2018 WL 2126936, at *4.

In contrast, the record in this case does not contain equivalent evidence of performance, or other evidence, showing that the firm bound itself to the agreement. Shrader & Associates admits that several months after the Carrascos signed the fee agreement, the firm "communicated to Chrissy that it would be unable to proceed with the representation" and then sent a formal letter a week later explaining that the firm "would be 'unable to represent you or otherwise pursue a case.'"

Shrader and Associates maintains that before ending its representation of the Carrascos, the firm evaluated their claims and that this work undertaken on their behalf is sufficient performance to evidence the firm's acceptance of the fee agreement. Assuming without deciding that the firm's pre-suit evaluation of its clients' claims could serve as proof of the requisites of contract formation, the record is devoid of evidence that the firm made a pre-suit evaluation of the Carrascos' claims or that it engaged in any other activities on their behalf. Because the firm bears the burden of proving an enforceable arbitration agreement, the absence of evidence supporting contract formation is fatal to its suit to compel arbitration.

Shrader & Associates contends that the requisites of contract formation are immaterial because an assertion that any of these requisites is lacking constitutes an attack on the validity of the fee agreement as a whole rather than its arbitration clause in particular. The firm argues that the Carrascos must successfully challenge the enforceability of the arbitration clause, not the entire agreement, in order to escape the arbitration clause. When a party challenges the very existence of an agreement on contract-formation grounds, however, these challenges present threshold issues that must be decided by the trial court before it can compel arbitration. *RSL Funding*, 569 S.W.3d at 124–25; *S.C. Maxwell*, 472 S.W.3d at 344.

Finally, Shrader & Associates contends that the Carrascos cannot avoid the arbitration clause because their legal malpractice claim depends on the fee

9

agreement's existence. An attorney-client relationship, however, may exist without a written contract. *See Span Enters. v. Wood*, 274 S.W.3d 854, 858 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (attorney-client relationship may be created by express contract or implied from parties' conduct). The Carrasco's legal malpractice claim therefore does not depend on the existence of the fee agreement. *See id.*

In sum, the material facts are not in dispute. Shrader & Associates did not sign the fee agreement and the blank for indicating its date of execution is unfilled. There is no evidence that the firm performed under the fee agreement. Nor is there evidence showing that the firm otherwise intended to be bound by the fee agreement. On this record, the trial court did not err by implicitly concluding that the there was not a valid, enforceable fee agreement and that personal jurisdiction over the Carrascos therefore could not be asserted on the basis of that agreement's arbitration clause.

As the fee agreement's arbitration clause is unenforceable, it is not necessary for us to consider the Carrascos' alternative argument that it would be futile to order them to arbitrate their legal malpractice claim due to the American Arbitration Association's administrative refusal to hear the dispute. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the judgment of the trial court.

Gordon Goodman
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.