# NO. 12-23-00009-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***JOSE SILVIO RIVERA AND SILVIO'S PLUMBING, APPELLANTS*** | § | ***APPEAL FROM THE*** |
| ***V.*** | § | ***COUNTY COURT AT LAW*** |
| ***ALAN UTZ & ASSOCIATES, INC., APPELLEE*** | § | ***SMITH COUNTY, TEXAS*** |

### *MEMORANDUM OPINION*

Jose Silvio Rivera and Silvio's Plumbing (Silvio) appeal the grant of summary judgment in favor of Alan Utz & Associates, Inc. (AUA).  In two issues, Silvio contends the trial court erred in granting summary judgment and not ordering the parties to arbitration.  We reverse and remand.

### BACKGROUND

AUA is a general contractor and hired Silvio as a subcontractor to perform certain plumbing work on a project in Austin, Texas, in February 2021.  According to AUA, Silvio failed to perform the work required under the contract.  AUA filed suit for breach of contract in the Justice Court of Precinct 4 in Smith County.  When Silvio failed to file an answer or otherwise appear in the Justice Court, that court entered a default judgment against Silvio in September 2021.

Silvio appealed the default judgment to the County Court at Law.  AUA filed its first amended petition in November 2021.  Silvio's attorney did not make an appearance until January 6, 2022.  Silvio then filed a verified answer on February 4.  Silvio's answer alleged that the subcontract included an arbitration clause and requested the parties be ordered to arbitration.  On August 24, AUA filed a traditional motion for summary judgment on its breach of contract

claim. In its response, dated September 19, Silvio did not address the merits of the breach of contract claim. Instead, it focused on the arbitration clause contained in the subcontract and requested the trial court deny the summary judgment and order the parties to arbitration.

The trial court held a hearing on the motion for summary judgment on December 13. At the conclusion of the hearing, the trial court found that Silvio had not effectively requested arbitration from the trial court. It further found that, even had arbitration been properly requested, any request was waived as untimely. The trial court granted the motion for summary judgment. This appeal followed.

## INVOKING ARBITRATION

In its first issue, Silvio argues that the trial court erred when it ruled against sending the case to arbitration.

## Arbitration Principles

A party seeking to compel arbitration must establish two elements: (1) the existence of a valid arbitration agreement and (2) that the disputed claims fall within the scope of that agreement. *Wagner v. Apache Corp.*, 627 S.W.3d 277, 284 (Tex. 2021); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021 (West 2019). Once the party seeking to compel arbitration establishes the first element, "a 'strong presumption favoring arbitration arises' and we resolve doubts as to the agreement's scope in favor of arbitration." *Wagner*, 627 S.W.3d at 284 (quoting *Rachal v. Reitz*, 403 S.W.3d 840, 850 (Tex. 2013)). Generally, the trial court "shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter." TEX. CIV. PRAC. & REM. CODE ANN. § 171.025 (West 2019).

"If the party seeking arbitration carries its initial burden, the burden then shifts to the party resisting arbitration to present evidence on its defenses to the arbitration agreement." *Mohamed v. Auto Nation USA Corp.*, 89 S.W.3d 830, 835 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011). One such defense is that the party seeking arbitration has waived its right to arbitration. *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A party does not waive arbitration merely by delay; rather, waiver may be found only if the proponent of the defense establishes that: (1) the party seeking arbitration substantially invoked

the judicial process and (2) the party opposing arbitration suffers actual prejudice as a result. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511–12, 515 (Tex. 2015); *Williams Indus., Inc.*, 110 S.W.3d at 135. Waiver may be implied or express, but it must be intentional. *See Williams Indus., Inc.*, 110 S.W.3d at 135. Because public policy favors arbitration, there is a strong presumption against finding that a party waived its right to arbitration. *Id.* Whether waiver occurred depends on the individual facts and circumstances of each case. *Id.*

**Motion to Compel Arbitration**

In his first issue, Silvio urges the trial court improperly granted summary judgment because the contract requires arbitration. In response, AUA urges that the trial court correctly granted summary judgment because Silvio did not properly request arbitration. It contends that the proper mechanism for invoking arbitration under Section 171.021 is a motion to compel arbitration and that Silvio did not file such a motion. Silvio, in contrast, urges that it sought arbitration in both its answer and summary judgment response.

In support of its assertion, AUA relies on *Currid v. Coit Cleaning & Restoration Services*, No. 01-17-00630-CV, 2018 WL 1801798 (Tex. App.—Houston [1st Dist.] Apr. 17, 2018, no pet.) (mem. op.). In that case, Currid attempted to compel arbitration in her summary judgment response by objecting to the plaintiff's "choice of forum in denigration of the arbitration agreement" and asking the court to deny the motion for summary judgment and dismiss the case. *Id.* at *4. On appeal, the court of appeals determined that Currid failed to move to compel arbitration and presented nothing for its review. *Id.* at *5. Instrumental to its decision was the fact that Currid failed to "direct [it] to any place in her response, or to any other place in the record, in which she requested an order from the trial court compelling the parties to arbitrate Coit's claims or to abate or to stay the proceedings." *Id.* at *4. Additionally, Currid represented to the trial court at a hearing on her motion to vacate the judgment that she had not moved to enforce the arbitration provision. *Id.*

"A party to a lawsuit who seeks to enforce an arbitration provision must file a motion to compel arbitration." *S.C. Maxwell Family P'ship, Ltd. v. Kent*, 472 S.W.3d 341, 343 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("[A]rbitration provisions are not self-executing . . ."); *Ground Force Const., LLC v. Coastline Homes, LLC*, No. 14–13–00649–CV, 2014 WL 2158160, at *2 (Tex. App.—Houston [14th Dist.] May 22, 2014, no pet.) (mem. op.) (noting that

Section 171.021 "requires an 'application of a party' for the court to order arbitration"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021 ("A court shall order the parties to arbitrate *on [the] application* of a party ...." (emphasis added)); *see, e.g.*, **Schlumberger Tech. Corp. v. Baker Hughes Inc.**, 355 S.W.3d 791, 797 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding that interlocutory jurisdiction required filing of "an application to compel arbitration made under Section 171.021").

Silvio certainly could have been clear and more diligent in seeking arbitration. But unlike the defendant in **Currid**, Silvio asked the trial court to "enter an order dismissing [the case] and sending the parties to Arbitration" in both its answer and summary judgment response. The entirety of the summary judgment response brought the arbitration agreement to the trial court's attention. And, a response to a motion for summary judgment that requests an order compelling arbitration can be sufficient to bring the issue to the trial court's, and appellate court's, attention. *See* **Grace Interest, LLC v. Wallis State Bank**, 431 S.W.3d 110, 122-23 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

Because Silvio specifically requested an order sending the parties to arbitration, he effectively moved to compel arbitration. *See id.* The trial court could have, and should have, heard the merits of Silvio's defense to the summary judgment motion, i.e., that the contract requires the dispute be sent to arbitration. Therefore, the trial court erred in finding Silvio did not effectively request arbitration. As the demand for arbitration was the only ground Silvio asserted in its summary judgment response and the trial court did not consider it, we sustain Silvio's first issue.


**WAIVER**

In his second issue, Silvio contends it did not waive its right to arbitration and that the trial court erred in finding it did so.

**Standard of Review and Applicable Law**

A party waives the right to compel arbitration if (1) the party substantially invokes the judicial process and (2) the opposing party suffers detriment or prejudice as a result. **Perry Homes v. Cull**, 258 S.W.3d 580, 589–90 (Tex. 2008); **Holmes, Woods & Diggs v. Gentry**, 333 S.W.3d 650, 654 (Tex. App.—Dallas 2009, no pet.). There is a strong presumption against waiver of arbitration. **Perry Homes**, 258 S.W.3d at 590; *see* **RSL Funding, LLC v. Pippins**, 499

S.W.3d 423, 430 (Tex. 2016) (per curiam) (party asserting waiver "bears a heavy burden of proof"). Whether a party waived its right to arbitration is a question of law subject to de novo review. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018).

The substantial-invocation element requires the court to consider the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 591. Relevant factors include (1) whether the party seeking to compel arbitration is a plaintiff or a defendant in the lawsuit; (2) when the party knew of the arbitration clause; (3) how long the party waited before seeking arbitration and any reasons for the delay; (4) how much discovery has been conducted, who initiated it, whether it related to the merits rather than arbitration or standing, and how much of it would be unavailable or useful in arbitration; (5) whether the party sought judgment on the merits; (6) whether the party asserted affirmative claims for relief in court; (7) the amount of time and expense the parties expended on litigation; (8) whether the discovery conducted would be unavailable or useful in arbitration; (9) whether judicial activity would be duplicated in arbitration; and (10) when the case was to be tried. *RSL Funding*, 499 S.W.3d at 430; *G.T. Leach Builders,* 458 S.W.3d at 512; *Perry Homes*, 258 S.W.3d at 591. Generally, no single factor is dispositive. *RSL Funding*, 499 S.W.3d at 430. Although substantial invocation must be decided on a case-by-case basis, *Perry Homes* suggests the element would be satisfied if the movant conducted full discovery, filed motions addressing the merits, and sought arbitration only on the eve of trial. 258 S.W.3d at 590.

The prejudice prong refers to inherent unfairness in terms of delay, expense, or damage to a party's legal position caused when a party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue. *Id.* at 597. The party seeking to establish waiver must show the fact of prejudice but is not required to prove its precise extent. *Id*. at 599. And although delay is a factor, mere delay is ordinarily not enough to show prejudice, even if the delay is substantial. *G.T. Leach Builders*, 458 S.W.3d at 515; *Sivanandam v. Themesoft, Inc.*, No. 05-21-00645-CV, 2022 WL 872623, at *2–3 (Tex. App.—Dallas Mar. 24, 2022, pet. denied) (mem. op.).

**Discussion**

AUA first initiated the suit against Silvio in the Justice Court in June or July 2021.[1] Silvio did not participate in the Justice Court, and AUA was awarded a default judgment in

---

[1] The petition in the Justice Court is not marked with a filing date; therefore, we are unsure of the exact filing date.

September. Silvio appealed to the County Court at Law that October. AUA filed its first amended petition on November 23. The court set an initial trial date of January 6. Silvio's attorney filed his appearance on January 6, and Silvio filed its verified answer on February 4. Nothing else appeared to occur in the case until AUA filed its motion for summary judgment on August 24. Silvio responded on September 19. AUA urges that Silvio waived its right to arbitration by waiting until after it filed summary judgment to request arbitration.

In considering the relevant factors, we note first that Silvio did not elect to resolve the dispute in court; rather, AUA initiated the lawsuit. *See* **G.T. Leach Builders**, 458 S.W.3d at 512; **Perry Homes**, 258 S.W.3d at 591. Silvio did not assert a counterclaim in its answer. It merely denied the allegations and sought arbitration. At oral argument, the parties represented that neither party engaged in much discovery. AUA sent the initial request for disclosures but conducted no other discovery. Silvio did not request any discovery. Responding to discovery and simply being named in the lawsuit while discovery is ongoing does not amount to waiver. **G.T. Leach Builders**, 458 S.W.3d at 514. And while we agree that Silvio could have been more prompt in seeking arbitration, most of the delay occurred prior to Silvio's participation in the lawsuit. Only seven months transpired between Silvio filing its answer and filing its response to the motion for summary judgment. We conclude that seven months is not a substantial delay under these circumstances. *See* **In re Fleetwood Homes of Tex., L.P.**, 257 S.W.3d 692, 694 (Tex. 2008) (no waiver despite eight-month delay). Even if we were to calculate the delay from the initial filing of the suit in the Justice Court, a fifteen-month delay is not per se unreasonable. *See* **In re Vesta Ins. Group, Inc.**, 192 S.W.3d 759, 763 (Tex. 2006) (no waiver despite two-year delay).

Considering the totality of the circumstances, we hold that Silvio has not substantially invoked the litigation process in contravention of its contractual right to arbitration. *See* **Perry Homes**, 258 S.W.3d at 589–90 (adopting totality-of-the-circumstances test). As in several cases involving greater participation in litigation than occurred here, we decline to find waiver under these circumstances. *See* **G.T. Leach Builders**, 458 S.W. 3d at 514-15 (holding that movant did not waive arbitration rights by asserting counterclaim, challenging venue, filing defensive motions, and participating in discovery); **Richmont Holdings Inc. v. Superior Recharge Sys., L.L.C.**, 455 S.W.3d 573, 576 (Tex. 2014) (holding that movant did not waive arbitration rights by initiating lawsuit, invoking forum-selection clause, moving to transfer venue, propounding

request for disclosure, and waiting nineteen months after being sued to move for arbitration); *Fleetwood Homes*, 257 S.W.3d at 694 (holding that movant did not waive arbitration rights by noticing deposition, serving written discovery, and waiting eight months to move for arbitration); *In re Bruce Terminix*, 988 S.W.2d 702, 703–04 (Tex. 1998) (holding that movant did not waive arbitration rights by propounding requests for production and interrogatories and waiting six months to seek arbitration); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 88–89 (Tex. 1996) (holding that movant did not waive arbitration rights by propounding written discovery, noticing deposition, agreeing to reset trial date, and waiting nearly a year to move for arbitration).

Nor has AUA proven that it suffered unfair prejudice as a result of Silvio's litigation conduct. Detriment or prejudice, in this context, refers to an "inherent unfairness caused by a 'party's attempt to have it both ways by switching between litigation and arbitration to its own advantage.'" *In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 625 (Tex. 2008) (per curiam) (quoting *Perry Homes*, 258 S.W.3d at 597). Prejudice may result when a party seeking arbitration first sought to use the judicial process to gain access to information that would not have been available in arbitration, but propounding discovery will not, in and of itself, result in waiver of a right to compel arbitration. *Bruce Terminix*, 988 S.W.2d at 704. Similarly, while delay may be a factor both in terms of whether the movant substantially invoked the judicial process and the nonmovant suffered prejudice, mere delay is not ordinarily enough, even if it is substantial. *Richmont Holdings*, 455 S.W.3d at 576; *see also Fleetwood Homes*, 257 S.W.3d at 694 (eight-month delay); *Vesta Ins.*, 192 S.W.3d at 763 (two-year delay). "Waiver can be implied from a party's unequivocal conduct, but not by inaction." *In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (citing *Perry Homes*, 258 S.W.3d at 593).

AUA cites to nothing other than delay to support prejudice. But again, mere delay is not ordinarily enough to waive arbitration rights. *See G.T. Leach Builders*, 458 S.W.3d at 515. AUA, not Silvio, chose to initiate this suit in the courts rather than arbitration, and Silvio did not serve a single discovery request.

In summary, although we agree that Silvio could have demanded waiver more promptly than it did, we hold that the totality of the circumstances do not establish that Silvio substantially invoked the judicial process to the extent required to demonstrate a waiver of its right to arbitration. Nor has Silvio's participation in the litigation caused AUA the kind of prejudice necessary to clear the "high hurdle" of waiver. We thus conclude that Silvio did not impliedly

waive its right to demand arbitration in this case and the trial court erred by concluding otherwise.  We sustain Silvio's second issue.

## DISPOSITION

Having sustained Silvio's two issues, we *reverse* the trial court's order granting summary judgment and *remand* for proceedings consistent with this opinion.

BRIAN HOYLE
Justice

Opinion delivered September 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2023**

**NO. 12-23-00009-CV**

**JOSE SILVIO RIVERA AND SILVIO'S PLUMBING,**
Appellants
V.
**ALAN UTZ & ASSOCIATES, INC.,**
Appellee

Appeal from the County Court at Law
of Smith County, Texas (Tr.Ct.No. 73587)

THIS CAUSE came to be heard on the appellate record, briefs filed herein, and oral arguments and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings**  and that all costs of this appeal are hereby adjudged against **Alan Utz & Associates, Inc.** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*